Filed April 8, 1890.

---

No. 14,098.

GEISS *v.* THE FRANKLIN INSURANCE COMPANY.

INSURANCE. —*Indivisibility of Policy.— Void as to One Item.— Effect as to Other Items.*—Where a policy of fire insurance provided, among other things, that in case the assured was not the sole, absolute and unconditional owner of the property insured, the policy should be void, and among the items covered by the policy was a soda fountain and appurtenances which had been purchased with a reservation of title in the seller until the notes for the purchase-price had been fully paid—no statement to that effect appearing in the policy—and full payment had not been made at the date of the fire, the policy was void as to the soda fountain and apparatus connected therewith, and was also void, by reason thereof, as to all the other items covered by the same risk. The contract was entire and indivisible, and to hold the company liable would be to enforce upon it an obligation which it never entered into.

SAME.—*True Title of Property —Failure to State. — Effect of.—Absence of Fraudulent Intention.—Knowledge of Agent.*—Where the validity of the insurance is made to depend upon the assured being the absolute and unconditional owner of the true title of the property insured, a failure to set forth the title with substantial accuracy renders the policy void, not only as to the property, the title to which is not truly represented, but as to all other property covered by the same policy, and subject to the same risk. This is so, even though the owner had no intention to deceive. This rule has no application, however, in case it appears that the agent of the insurance company, who consummated the contract

and issued the policy, was informed, or knew of the true state of the title, or ownership of the property.

NEW TRIAL.—*Seasonableness of Motion.*— *When too Late to Object.*—Where a motion for a new trial has been made and entertained by the court, it is too late after a new trial has been granted to object that the motion was not seasonably made.

From the Posey Circuit Court.

*F. P. Leonard,* for appellant.

*A. L. Roach* and *G. V. Menzies,* for appellee.

MITCHELL, C. J.—Geiss sued the Franklin Insurance Company to recover the amount of loss alleged to have resulted to him from the destruction of certain personal property, which had been insured against loss by fire, under a policy issued to the plaintiff by the above-named insurance company. By the terms of the policy the company stipulated, for a gross sum, to insure separate and distinct articles and kinds of property, all contained in the same building, for certain specific and distinct sums, the whole aggregating one thousand dollars. One of the articles covered by the policy was a soda fountain, which was insured separately for the sum of $350. Smaller sums were distributed over other classes of property. The policy contained a stipulation to the effect that, in case the assured was not the sole, absolute, and unconditional owner of the property insured, the policy should be void. Before taking out the policy the assured had purchased the soda fountain therein mentioned, and the appurtenances thereto, from a manufacturer in Boston, and had given his notes for the purchase-price, in each of which it was stipulated, in effect, that the title to the property should be and remain in the seller until the notes for the purchase-price were all fully paid. The notes had all fallen due, and about half of them had been paid, when the fire occurred which destroyed the soda fountain, as well as all the other property covered by the policy.

The foregoing facts having appeared in evidence, together with the further fact that the assured was not aware of the

legal effect of the stipulations contained in the notes, so far as it affected the ownership of the property, or until he had taken professional advice after the fire, the court instructed the jury to return a verdict for the defendant.

It is conceded that the assured was not the sole, absolute, and unconditional owner of the soda fountain, and apparatus connected therewith. It follows, as a matter of couse, that, as applied to that item of property, the policy was void. *Carpenter* v. *German-American Ins. Co.*, 52 Hun, 249. The question is, can it be upheld as respects the other separate and distinct classes of property?

In *Havens* v. *Home Ins. Co.*, 111 Ind. 90, the conclusion was reached that where property covered by a policy of insurance, although consisting of separate items, constitutes substantially one risk, and is necessarily subject to destruction by the same conflagration, then, even though separate amounts of insurance be apportioned to each separate item or class of property, if the considerations for the contract and the risk are both indivisible, the contract must be treated as entire, and any breach of a stipulation which renders the policy void as to a part, affects the other items in the same manner. See, also, *Phenix Ins. Co.* v. *Pickel,* 119 Ind. 155; *Pickel* v. *Phenix Ins. Co.,* 119 Ind. 291.

The aggregate amount of the policy in the present case was $1,000. This was apportioned in different amounts, over six distinct and separate items or classes of property, more than one-third of the whole amount being upon the soda fountain to which the assured had only a conditional right. It was all exposed to one risk, and the consideration for the policy was a specified sum. The court can not say that the insurance company would have insured the soda fountain if the true state of the title thereto had been disclosed, nor can we say that it would have insured the other items or classes of property without insuring the soda fountain. The contract was entire and indivisible, and to hold the company liable would be to enforce upon it an obliga-

tion which it never entered into. This would be to make an agreement for the parties, rather than to enforce the liability of one of them upon an agreement made by the parties themselves.

We fully appreciate the unfortunate situation of the assured, but courts of law can not be made asylums in which every person who has made a mistake can take refuge against his own contract deliberately entered into. Where the validity of the insurance is made to depend upon the assured being the absolute and unconditional owner of the true title of the property insured, a failure to set forth the title with substantial accuracy, renders the policy void, not only as to the property the title to which is not truly represented, but all other property covered by the same policy, and subject to the same risk. This is so, even though the owner had no intention to deceive. *Wilbur* v. *Bowditch, etc., Ins. Co.*, 10 Cush. 446 ; May Ins., section 287. This rule has no application, however in case it appears, that the agent of the insurance company, who consummated the contract and issued the policy, was informed, or knew of the true state of the title, or ownership of the property. *National Mut. Fire Ins. Co.* v. *Barnes*, 21 Pac. Rep. (Kan.), 165 ; *Crescent Ins. Co.* v. *Camp*, 9 S. W. Rep. (Tex.), 473.

There had been a former trial of this cause and a general verdict for the plaintiff. The defendant thereupon moved the court for judgment notwithstanding the general verdict. This was overruled. Afterwards the court granted a new trial, on the defendant's motion. The appellant now insists that the motion for a new trial came too late, that the right to move for a new trial was waived by moving for judgment notwithstanding the general verdict. The argument is, that this latter motion was, in effect, a motion in arrest of judgment. We are not required to determine the effect of the first motion upon the right of the defendant to move for a new trial, inasmuch as there does not appear to have been any objection at the time to the motion for a new trial.

Where a motion for a new trial has been made and entertained by the court, it is too late after a new trial has been granted, to object that the motion was not seasonably made. *Sweetser* v. *McCrea,* 97 Ind. 404; *Northcutt* v. *Buckles,* 60 Ind. 577; *Wilson* v. *Vance,* 55 Ind. 394; *Hill* v. *Hazen,* 93 Ind. 109; *Trentman* v. *Swartzell,* 85 Ind. 443; *American White Bronze Co.* v. *Clark, post,* p. 230.

The judgment is affirmed, with costs.

Filed April 8, 1890.