The Continental Insurance Company *v.* Dorman.

Filed June 6, 1890.

———————◆———————

No. 15,535.

## THE CONTINENTAL INSURANCE COMPANY *v.* DORMAN.

INSURANCE.—*Premium Note.—Default of Payment.—Payment After Loss.— Non-Liability of Company.*—Where a policy of insurance provided that a note given for the premium should operate as payment and keep the policy in force only until the note matured, and that during the period in which a default of payment existed after the note matured, the policy should be void, but that if the insured should pay the note after its maturity the liability of the company on the policy should again attach, and be in force after such payment, a tender of payment by the insured after the loss occurred did not revive the policy and make the company liable for the loss.

SAME.—*Note Taken in Payment of Premium.—Reply Alleging.—Insufficiency of.*—In an action upon such policy a reply which alleges that the note was taken in absolute payment of the premium is bad, since its effect is to aver a contemporaneous verbal contract in contravention of the written one.

SAME.—*Maturity of Premium Note.—Notice of not Required.*—Where a note

is given for the premium the insured is required to know when it matures, and the company need not give notice or make a demand. The company by requesting payment of the note does not waive the right to have it paid without notice.

SAME.—*Parol Contract Contradicting Written One.—Invalidity of.*—A verbal agreement that a premium note is accepted as an absolute payment of the premium when it is stipulated in the policy that the note shall be accepted as payment only until the maturity of the note, and that if not paid at maturity the policy shall be void, is contradictory of the written agreement, and is void.

SAME.—*Proof of Loss.— Waiver.*—Where a policy provides for proof of loss, the refusal of the company to receive the amount of a premium note, tendered after the loss has occurred, and its failure to furnish blanks or to demand proof, do not constitute a waiver, where the liability of the company on the policy is not denied.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon* and *T. Bates,* for appellant.

*C. N. Pollard* and *C. Bull,* for appellee.

OLDS, J.—This is an action by the appellee against the appellant upon a policy of insurance for the value of a barn and contents insured by the appellant and owned by the appellee, which policy of insurance was issued August 30th, 1883, and the property was destroyed by fire on the 8th day of December, 1883, in Howard county, Indiana, and this suit was brought to recover on the policy in 1888, nearly five years after the property was destroyed.

There was a trial by jury, and a special verdict, upon which the court rendered judgment for appellee, and from the judgment this appeal is prosecuted.

The appellant assigns numerous errors, viz.: That the court erred in overruling the demurrers to the several paragraphs of the complaint; that the court erred in sustaining the demurrer to the third paragraph of appellant's answer; that the court erred in overruling appellant's demurrer to the appellee's reply to the second paragraph of appellant's answer; that the court erred in overruling the appellant's

The Continental Insurance Company *v.* Dorman.

motion for judgment in its favor upon the special verdict, and that the court erred in sustaining the motion of the appellee for judgment in his favor upon the special verdict.

The rulings of the court in overruling appellant's demurrer to the appellee's reply to the appellant's second paragraph of answer, and overruling appellant's motion for judgment on the special verdict, present virtually the same question.

So much of the fifth clause in the policy of insurance as it is material to consider reads as follows:

" If a note is taken for the premium, or any part thereof, it shall be accepted as payment thereof only until the maturity of such note, and if the same be not paid at maturity, according to its terms, this policy shall be void so long as the same remains unpaid, unless the time of payment has been duly extended by consent of the superintendent of this company in writing: *Provided, however,* That on payment to the company in New York, or to the western department in Chicago by the assured, or assigns, of all premiums due under this policy, and the note given thereon, the liability of this company on this policy shall again attach, and this policy be in force from and after such payment, unless this policy shall be void and inoperative from some other cause. But this company shall not be liable for any loss happening during the continuance of such default of payment. Nor shall any such suspension of liability under this policy on account of such default have the effect of extending such liability beyond the period of its termination as originally expressed in writing herein. It is further provided that no attempt by law or otherwise to collect," etc.

The remainder of this clause relates to the liability in case an effort is made to collect by suit or otherwise, but it is not contended that any effort was made to collect, and therefore this part is immaterial.

The second paragraph of answer alleges that no part of the premium was paid in money; that the sole consideration for the insurance was a note executed by the appellee to the

appellant at the time the policy was issued, August 30th, 1883, and payable on the 1st day of November, 1883, for thirteen dollars; that the note also contained a stipulation, the same, in substance, as the policy, in regard to the non-liability of the appellant during default of payment; that the note had been lost, but setting out its terms and conditions, and averring that the note was due on November 1st, 1883, and that there was a default in the payment, and that the note never had been paid.

To this paragraph of answer the appellee replied, admitting the execution of the note in August, 1883, for thirteen dollars, due on the 1st day of November, 1883, to be paid to the defendant by mail if requested, and that the note was taken as an absolute payment of the premium mentioned in the insurance policy sued upon, and was the true and only consideration for the insurance; that the payment of the note was not at any time demanded by the appellant; that after the maturity of the note the appellant did not return, or offer to return, said note, or give notice to the appellee that it intended to treat the policy as void or inoperative because of the non-payment of the note at the maturity thereof, but allowed the appellee to hold said policy under the belief and with the understanding that he was insured thereby, and that the same was in full force and effect until after the loss; that, on the 11th day of December, 1883, the appellee offered to pay the appellant the note and interest in full, which the appellant refused to accept.

The plaintiff sustained a substantial loss. It was unfortunate for him, and is to be regretted, but such loss is in no way attributable to the appellant, and so far as the case of the appellee against the appellant for such loss, as presented by the record in this case, is concerned, there seems to be but little merit in it.

The appellee never paid anything for the risk assumed by the appellant; he never offered to pay anything until after the loss occurred, then he at once, or within three days

thereafter, on the 11th day of December, 1883, forwarded the money for the premium to the Chicago office. At that time the loss had occurred, and he was not slow in offering the appellant thirteen dollars, as a consideration for which it should pay to him one thousand dollars. If the money had been paid prior to the loss, and no loss had occurred, it would probably have seemed to the appellee to have been paid without receiving money consideration in return, though it would have made the policy valid and in force if loss had occurred.

With this brief statement we will proceed to consider the case in relation to its legal aspect. The policy of insurance which the appellee received and held in his possession provided, in express terms, that if a note was given for a premium, it should only operate as a payment, and keep the policy in force until the note matured, but during the period in which a default of payment existed after the note matured the policy should be void, and there should be no liability upon it; but should the assured pay the note at any time to the company in New York or its western department in Chicago, the policy should again be in force, and the company liable for loss from the time of the payment. This stipulation was a part of the contract of insurance by which the parties were bound, and it being in writing, took the place of all verbal agreements between them.

It was pleaded and set out with each paragraph of the complaint, and it showed what the written agreement was between the parties in case a note was given for the premium. The appellant answered, alleging that a note was given for the premium, and that no money consideration was paid for the assumption of the risk. The appellee replied to this paragraph of answer, admitting the fact that the sole and only consideration for the insurance was the note, and that it was not paid, or payment offered, until December 11th, 1883, after the loss, but alleges a different contract

Vol. 125.—13

from that stipulated in the policy, alleging that the note was to be an absolute payment, and to be paid in New York, or Chicago, by mail, if demanded, and it does not allege any fraud or mistake in the contract, as stipulated in the policy. The contract, as reduced to writing, and stipulated in the policy, in the absence of fraud or mistake, must govern, and it can not be changed or avoided by pleading another verbal contract which is in contravention of the written one. It is immaterial whether the note given for the premium contained the same conditions of the policy itself, or whether it contained any conditions or not. It is not alleged that it was stipulated in the note that it was to be accepted as an absolute payment of the premium, or that it was payable in any bank within this State, or that it was only to be paid upon request ; so that the effect of the reply is to aver a contemporaneous verbal contract in contravention of the written contract for the purpose of avoiding it. That this can not be done is too clear to need the citation of authorities, but see authorities hereinafter cited.

The reply to the second paragraph of answer is clearly bad, and the court erred in overruling the demurrer thereto.

The question presented by the special verdict differs from that presented by the demurrer to the reply ; yet it also involves the same question.

In the special verdict the jury find that the appellant executed the policy set out with the complaint, and sued upon ; by this finding there is incorporated into the written contract of insurance the agreement stipulated in the fifth clause of the policy, as to the non-liability of the appellant on the policy in case a note was given for the premium, and failure to pay the same when due ; and the verdict further finds that the appellee failed to pay the note when due, but allowed himself to be and remain in default from November 1st, 1883, until after the loss occurred. It is further found in the verdict that the appellant made no demand for payment of the note until the 6th day of December, 1883, when

the appellee received a letter from appellant requesting payment, and stating that the note was past due ; nor did appellant give the appellee any notice of forfeiture of the policy, but allowed him to believe that the policy was in full force ; but there are no facts found which extended the time for the payment of the note, or in any way changed the stipulation in the policy.

The appellee had executed his note to the appellant on the 30th day of August, 1883, payable on the 1st day of November of the same year, giving a credit of some sixty-one days for the payment of the note. The policy contained an agreement as to the effect on the policy in case of a failure to pay the note, and it also stipulated where the note should be paid to revive the policy. The time of credit was so short that it can scarcely be contended that the date of payment had escaped the memory of the appellee. The appellee was required to know the time the note matured, and the duty rested upon him to pay his note without notice or demand from the appellant.

In the case of *American Ins. Co.* v. *Leonard,* 80 Ind. 272, it is held that a policy of insurance is governed by the same principles applicable to other agreements involving pecuniary obligations. It is also held in the same case that where a policy provides that if premium notes are given, and are not paid, the policy shall become void, it is a good defence to an action on the policy that the premium notes were unpaid at the time of the loss, and this is in accordance with the holdings of this and other courts. *American Ins. Co.* v. *Henley,* 60 Ind. 515 ; *Willcuts* v. *Northwestern M. L. Ins. Co.,* 81 Ind. 300.

The case of *Thompson* v. *Insurance Co.,* 104 U. S. 252, is directly in point in this case. In that case the court says that " It appears from the special pleas that the policy contained the usual condition that it should become void if the annual premiums should not be paid on the day when they severally became due, or if any notes given in payment of

premiums should not be paid at maturity." And distinguishing between that case and the case of *Mut. Life Ins. Co.* v. *French,* 30 Ohio St. 240, the court further says : " But in this case the policy does contain an express condition to be void if any note given in payment of premium should not be paid at maturity. We are of opinion, therefore, that whilst the primary condition of forfeiture for non-payment of the annual premium was waived by the acceptance of the notes, yet, that the secondary condition thereupon came into operation, by which the policy was to be void if the notes were not paid at maturity." It is further said by the court in that case : " The third replication sets up a usage, on the part of the insurance company, of giving notice of the day of payment, and the reliance of the assured upon having such notice. This is no excuse for non-payment. The assured knew, or was bound to know, when his premiums became due." Further on the court says : " The reason why the insurance company gives notice to its members of the time of payment of premiums is to aid their memory and to stimulate them to prompt payment. The company is under no obligation to give such notice, and assumes no responsibility by giving it. The duty of the assured to pay at the day is the same, whether notice be given or not. Banks often give notice to their customers of the approaching maturity of their promissory notes or bills of exchange ; but they are not obliged to give such notice, and their neglect to do it would furnish no excuse for non-payment at the day."

What we have quoted applies with full force in this case. The appellee gave his note on the 30th day of August, 1883, for the premium. The note became due on the 1st day of the following November.

There is also a stipulation in the policy that even after default in payment of the note at maturity, a payment to the company in Chicago would revive the policy, and put it in force from and after such payment, and it was the duty of the appellee to pay the note without notice or demand on be-

half of the appellant, and the fact that they wrote requesting payment of the note did not waive the right to have the note paid when due without such notice. The appellee was bound to know when his note became due, and if he desired his policy to continue in force it was his duty to pay the note.

We quote further from the opinion in the case of *Thompson* v. *Insurance Co.*, *supra*, as bearing upon another question we have heretofore discussed in this case. The court says: "An insurance company may waive a forfeiture or may agree not to enforce a forfeiture; but a parol agreement, made at the time of issuing a policy, contradicting the terms of the policy itself, like any other parol agreement inconsistent with a written instrument made contemporary therewith, is void, and can not be set up to contradict the writing."

So, in this case, a parol agreement, such as pleaded in the reply, that the note was accepted as an absolute payment of the premiums, when it is stipulated in the policy that "such note shall be accepted as payment thereof only until maturity of such note, and if the same be not paid at maturity according to its terms, this policy shall be void so long as the same remains unpaid," is contradictory of the written agreement, and is void.

The reply does not purport to allege or set out any written stipulation in the note changing its terms from an ordinary promissory note, payable upon a day certain, to one stipulating that it was to be paid on notice or request of the appellant at a day certain, or that it provided that it should be accepted as an absolute payment of the premiums. It does not appear from the averments of the reply that there was any stipulation in the note making the time of its payment uncertain or dependent upon any request of the appellant, or that it contained any stipulations changing the agreement stipulated in the policy. See, also, May Insurance (2d ed.), sections 341 and 341 a.

A question is also presented as to the sufficiency of the second paragraph of the complaint.

The policy contains the usual stipulation, requiring the assured to notify the company in writing of the loss within fifteen days after it occurs, and to furnish a particular statement of the loss, stating the time, cause and circumstances of the fire, the occupation of the building specified, or containing the named property, the whole value and ownership of the property named, the cash value and amount of loss upon each article within sixty days, etc. The second paragraph of the complaint seeks to allege facts which constitute a waiver on the part of the appellant of such proof by the appellee, but there are no facts alleged which constitute a waiver.

It is alleged that immediately after the loss appellee remitted the amount of the note given for the premium to the general agent of the appellant at Chicago, and he immediately returned it, and refused to accept it, but it is nowhere alleged that he or the company denied any liability of the appellant on the policy. A denial of any liability of the company, or a contention on its part that the policy had been forfeited, might waive the necessity for proof of loss; but the trouble is in the second paragraph, that no such assertion or demand is alleged. It is contended that because the company did not furnish blanks for, or demand proof, and because the appellee did not know that such proof was necessary, the necessity of making it was waived. This we do not think a sufficient excuse. See *Commercial Union Assurance Co.* v. *State, ex rel.*, 113 Ind. 331, and authorities there cited.

We do not deem it necessary to set out the particular averments in this paragraph, as we regard them clearly insufficient to avoid the necessity of making the proof as required by the stipulations in the policy. The demurrer should have been sustained to the second paragraph of the complaint.

In view of the fact that errors occurred in forming the

issues, we think the motion of the appellee for judgment on the verdict should not be sustained.

The judgment is reversed, at costs of appellee, with instructions to proceed in accordance with this opinion.

Filed Sept. 24, 1890.