No. 14,662.

## THE CONTINENTAL INSURANCE COMPANY v. VANLUE.

INSURANCE.—*Avoidance of Policy.*—*Judgment Paid, but Unsatisfied of Record.* —*Not a Lien.*—A policy of insurance which contains a provision sufficiently comprehensive to include all liens that constitute encumbrances in a legal sense, is not avoided by a judgment which was a lien of record on the property insured at the date of the issuance of the policy, but which had, in fact, been fully paid prior to that date, although the satisfaction was not entered of record until subsequent thereto. When the amount of the judgment was paid, the lien ceased to exist.

SAME.—*Payment of Judgment by Collection of Rents.*—*When Judgment Ceases to be a Lien.*—When judgment creditors agree with the judgment debtor that a person shall be appointed to collect the rents from property owned by the judgment debtor, and apply them to the payment of the judgment, the judgment ceases to constitute such an encumbrance within the meaning of the law as will avoid a policy of insurance containing a provision against encumbrances, when the representative so appointed by the creditors has received in rents the amount of the judgment.

SAME.—*Mortgage for Maintenance.*—*Encumbrance that will Avoid Policy.*— *Belief of Mortgagor Immaterial.*—A mortgage was executed by the assured prior to the issuance of the policy of insurance on the premises insured, which provided that he had taken a conveyance of the real estate upon the condition subsequent that he should furnish to his father (his vendor) a maintenance and support during the life of the latter, which maintenance it was agreed should be one-half of the net proceeds of the farm, to be delivered annually to the father. It was further provided that in case of a performance of the contract by the son the mortgage should be null and void, and at the death of the father the same should be cancelled, and said real estate should vest absolutely in the son, free from encumbrance. The mortgagor expressly agreed to perform the said contract, and upon his failure to do so it was provided that the mortgage might be foreclosed.

*Held,* that the mortgage constituted a continuing charge upon the land, and was an encumbrance within the meaning of the policy of insurance.

*Held,* also, that the belief of the assured that the said mortgage to his father was not an encumbrance could not affect the question.

SAME.—*Provisions of Forfeiture in Policy of Insurance.*—*How Construed.*— Provisions intended to create a forfeiture, wherever found, are strictly construed in order to avert a forfeiture; but such provisions are restricted, with special care and strictness, in contracts of insurance, which must be strictly and rigidly construed against the insurance company whenever a strict construction is necessary to prevent the forfeit-

ure of the policy. Liberal as the rule is, however, in favor of the assured, it will not authorize the court to make a contract for the parties, nor to disregard one made by the parties themselves.

SAME.—*Pleading.—Right of Forfeiture.— Waiver of.—How Must be Pleaded. —General Denial.*—Where an answer pleads facts showing the existence of such an encumbrance as avoids the policy, it is incumbent upon the assured, if he seeks to avail himself of a waiver, to plead the facts constituting the waiver, for the general denial does not tender such an issue. A waiver arises out of new and affirmative matter, and such matter must be replied in order to avoid an answer which pleads an affirmative defence.

From the Howard Circuit Court.

*C. E. Hendry* and *B. C. Moon*, for appellant.

*N. B. Smith, L. J. Kirkpatrick, A. B. Kirkpatrick* and *J. F. Elliott*, for appellee.

ELLIOTT, J.—The appellee recovered judgment upon a policy of insurance issued to him by the appellant, and from that judgment this appeal is prosecuted.

The first question for our decision is whether there was such an encumbrance upon the property insured as avoided the policy. The words of the policy are sufficiently comprehensive to include all liens that constitute encumbrances in a legal sense, and if such an encumbrance exists the action must fail, for it is unquestionably the law that a legal encumbrance will defeat the assured, where it is created or suffered in violation of the terms of the contract. *Pfister* v. *Gerwig*, 122 Ind. 567; *Continental Ins. Co.* v. *Munns*, 120 Ind. 30.

The only point open to debate is whether an encumbrance was created in violation of the provisions of the policy, and to determine this question it is necessary to refer to the facts which bear upon it. On the 17th day of July, 1877, a transcript of a judgment in favor of Armstrong, Nixon & Co., against William F. Giles, was filed in the office of the clerk of the county in which the property insured was situated. On this judgment William Vanlue, the appellee's vendor and then the owner of the property, was replevin bail. After

the filing of the transcript William Vanlue conveyed the property to his son, Albert M. Vanlue, the appellee in this case. Prior to the filing of the transcript the judgment creditors entered into a contract with Giles, the judgment debtor, in which it was agreed that William P. Vaile should collect the rents from property owned by Giles and apply them to the payment of the judgment. During the year 1877 Vaile collected rents more than sufficient to pay the judgment, but satisfaction was not entered of record until April, 1884. On the 28th day of April, 1883, appellant issued to the appellee the policy of insurance on which the action is founded.

We have assumed in our statement that the policy embraced prior as well as future encumbrances, as this is tacitly conceded by the appellee, and we do not touch upon the question of construction, decided in the case of *Continental Ins. Co.* v. *Munns, supra*. We have also assumed that the rents collected by Vaile under the agreement with the judgment creditors and their debtor were more than sufficient to satisfy the judgment, and this we have done because there is evidence of that fact, which we have no right, under a long settled rule, to disregard.

The judgment was originally an encumbrance upon the property of the replevin bail, as our statute creates a lien against the property of one who enters himself as replevin bail upon a judgment. But it does not follow that a lien continues although there is no satisfaction of record. It would be an inexcusable sacrifice of substance to shadow to hold that a lien continued after payment of the judgment because the formal entry of satisfaction on the record was not made. It is very clear that when the amount of the judgment was paid the lien ceased to exist. *State, ex rel.*, v. *Salyers*, 19 Ind. 432; *Myers* v. *Cochran*, 29 Ind. 256; *Shields* v. *Moore*, 84 Ind. 440; *Klippel* v. *Shields*, 90 Ind. 81; *Chapin* v. *McLaren*, 105 Ind. 563.

The application of the principle that payment extinguishes

a lien to insurance cases is no more than a just extension of it, for such cases fall far within its sweep. *Merrill* v. *Agricultural Ins. Co.*, 73 N. Y. 452 (29 Am. Rep. 184); *Hawkes* v. *Dodge County Ins. Co.*, 11 Wis. 196; *Smith* v. *Niagara F. Ins. Co.*, 60 Vt. 682 (6 Am. St. Rep. 144).

It is immaterial whether the amount collected by Vaile reached the judgment creditors prior to the time the policy was taken out or not, for as soon as Vaile received the amount the replevin bail was released. It is probably true that the bail was released as soon as the contract providing for a collection of rents by Vaile was entered into, inasmuch as the effect of that contract was to extend the time of payment, and if it did have this effect the replevin bail was released, because an extension of time releases one who occupies, as he did, the position of a surety. But, however this may be (we decide nothing upon this point), we think it clear that when Vaile, as the representative of the judgment creditors, received the amount of the judgment, it ceased to constitute an encumbrance within the meaning of the law.

There is, however, another phase of the question, whether there was or was not an encumbrance upon the property insured. On the day that the land was conveyed to the appellee he executed to the vendor a mortgage containing this condition: "The condition of this mortgage is that the said Albert M. Vanlue has taken a conveyance of the above real estate upon the condition subsequent that he shall furnish to the said William Vanlue a maintenance and support during the life of the latter, which maintenance is agreed to be one-half of the net proceeds of said farm, which is to be delivered annually to William Vanlue. In case of a performance of the contract by the said Albert M. Vanlue, this mortgage shall be null and void, and at the death of William Vanlue the same shall be cancelled and said real estate shall vest absolutely in said Albert M. Vanlue free from this encumbrance. And the mortgagor expressly agrees to perform the contract above secured, and upon failure this

mortgage may be foreclosed accordingly." The appellee in all things faithfully performed his contract, and at the time he received the policy, as well as at the time the loss occurred, he was free from fault, having done all that he was bound to do up to that time. If the contract was not a continuing one we should have no difficulty in applying to the mortgage lien the rule which we have applied to the judgment lien, but, as the contract is a continuing one, terminating only upon the death of the mortgagee, there is much difficulty in reaching a satisfactory conclusion.

In almost any other case than that of an action upon an insurance policy the question would be entirely free from difficulty, for the mortgage would unquestionably be regarded as an encumbrance in ordinary cases, such as actions between vendor and vendee, and the like. *Richter* v. *Richter*, 111 Ind. 456; *Copeland* v. *Copeland*, 89 Ind. 29; *Wilson* v. *Wilson*, 86 Ind. 472; *Prescott* v. *Trueman*, 4 Mass. 627; *Mitchell* v. *Warner*, 5 Conn. 497; *Spurr* v. *Andrew*, 6 Allen, 420; *Cathcart* v. *Bowman*, 5 Pa. St. 317; *Post* v. *Campau*, 42 Mich. 90; 6 Am. & Eng. Encyc. of Law, 639.

There is some diversity of opinion as to whether an instrument securing the performance of a contract for support and maintenance can be deemed a mortgage. We think it clear, however, that whatever name may be given the instrument, the effect is the same in all ordinary cases, for an encumbrance is created. *Bryant* v. *Erskine*, 55 Me. 153; *Bethlehem* v. *Annis*, 40 N. H. 34; *Soper* v. *Guernsey*, 71 Pa. St. 219; *Austin* v. *Austin*, 9 Vt. 420. But decisions in cases concerning deeds and mortgages do not fully control cases where the controversy concerns the right to forfeit a policy of insurance, and a close adherence to those decisions would lead to an erroneous conclusion in a case where the issue is whether there has been a forfeiture of a policy of insurance. The ground upon which rests the distinction between contracts of insurance and other contracts is a solid one, for the contract of insurance is, in many essential respects, a pecu-

liar one. There is strong reason for limiting the effect of the word " encumbrance," when employed in policies of insurance, since to give the word a broad meaning would be to do injustice, in many instances, without excuse or justification. The purpose for which provisions prohibiting encumbrances are written in policies is to create a cause for forfeiture, not to protect the company issuing a policy from a defect in the title of property conveyed to it, nor to vest in it an unencumbered title, and the only just reason for recognizing such prohibitions is that if the property is encumbered there may be some temptation to the owner to himself burn the property and thus secure the amount of the insurance. It is obvious, therefore, that there should be a distinction between insurance contracts and contracts of a different class. Provisions intended to create a forfeiture, wherever found, are strictly construed in order to avert a forfeiture; but such provisions are restricted, with especial care and strictness, in contracts of insurance, the courts, with an almost unanimous voice, deciding that such contracts, because of their peculiar character, shall be strictly and rigidly construed against the insurance company wherever a strict construction is necessary to prevent the forfeiture of the policy. *Kentucky Mut. Ins. Co.* v. *Jenks,* 5 Ind. 96; *Grant* v. *Lexington, etc., Ins. Co.,* 5 Ind. 23; *Rogers* v. *Phenix Ins. Co.,* 121 Ind. 570; *First National Bank* v. *Hartford F. Ins. Co.,* 95 U. S. 673; *Moulour* v. *Am. Life Ins. Co.,* 111 U. S. 335.

We are required by the rules to which we have referred, to give the policy before us a very strict construction against the appellant, and to avert a forfeiture if we can do so without doing violence to the language of the contract. But, liberal as the rule is in favor of the assured, it will not authorize a court to make a contract for the parties, nor to disregard one made by the parties themselves. *Havens* v. *Home Ins. Co.,* 111 Ind. 90; *Phenix Ins. Co.* v. *Lamar,* 106 Ind. 513 (55 Am. Rep. 764); *McGowan* v. *People's M. F. Ins. Co.,* 54 Vt. 211; *Supple* v. *Iowa St. Ins. Co.,* 58 Iowa, 29.

The duty of the court is to construe the contract, and in this work it must be guided by the rules of law which govern the subject which the contract concerns, and to which it relates.

The decisions, as we have indicated, declare that the word "encumbrance" has a limited effect in contracts of insurance, and upon the general doctrine there is little, if any, diversity of opinion. The clash is upon the application of the approved general doctrine, not as to the doctrine itself. Whether the provision declaring that an encumbrance shall forfeit the policy before us is violated by the instrument executed by the assured to his vendor is the problem which we are required to solve, for we regard the general doctrine, of which we have spoken, as too firmly established and too strongly grounded on principle to be successfully challenged. In order to justly solve this problem it is necessary to analyze the instrument and the evidence respecting it. The instrument is a peculiar one. It does not secure the payment of money, nor does it provide for the performance of a general engagement to perform a designated contract; it provides for the performance of a specific act, namely, the delivery to the vendor of one-half of the net proceeds of the farm, and that the delivery of the net proceeds of the farm shall render the instrument "null and void." But while the instrument provides for the performance of a specific act and that performance shall defeat its enforcement, it also provides that in case of default "this mortgage may be foreclosed accordingly." There is, therefore, an engagement to perform a specific act, and a provision for enforcing performance by a decree of foreclosure. If the instrument has any force at all it creates a lien upon the land it describes, for it declares in express words that a lien is created, and provides for the foreclosure of the lien. It is not possible to escape the force of the provisions respecting the conveyance of the land and the mode of enforcing the lien created, for they clearly import that there is

an enforceable encumbrance. It is true, that when the assured received his policy, and when the loss occurred, he was not in default, but although not in default his engagement continued and the security for its performance in the future remained unannulled. In every instance where a valid mortgage is executed it constitutes an encumbrance and remains an encumbrance until the engagement for which it stands as a security is performed. It seems beyond controversy that a lien was charged upon the land in this instance, and that it continued in force during the life of William Vanlue, since no other construction can be given the instrument without totally disregarding the language concerning the lien and the right to a foreclosure. If there was a continuing charge upon the land we can conceive no valid reason for holding that it did not constitute an encumbrance within the meaning of the contract of insurance. It was none the less an encumbrance because the engagement it secures was performed as fully and promptly as it was possible for the appellee to perform it, up to the time the policy was issued to him, for the reason that the lien was a continuous one, requiring the yearly performance of an act, and terminating only upon the death of the lienholder. Reluctant as we are to deny a recovery we can see no avenue which will lead us to a conclusion adverse to the appellant. We do not doubt that the appellee acted in good faith, believing that the mortgage to his father was not an encumbrance, but neither his belief nor that of the company can affect the question, for if the mortgage did constitute an encumbrance it must be so adjudged irrespective of the opinion or belief of the parties. *Watertown Ins. Co.* v. *Grover S. M. Co.,* 41 Mich. 131.

We have given careful consideration to the cases referred to by the appellee, but we are unable to regard them as sustaining the position that the mortgage executed by him was not an encumbrance. The case of *Mason* v. *Agricultural,*

*etc., Ass'n,* 18 Upper Can. C. P. 19, was decided for the assured, upon the ground that the recitals of the deed providing for the support of the vendor did not create a charge upon the property. It is tacitly assumed in that case that if the deed had created a lien the policy would be avoided. The decision in *Watertown Ins. Co.* v. *Grover S. M. Co., supra,* proceeds upon the ground that the mortgage which was alleged to create an encumbrance was absolutely void. The question in *Newman* v. *Springfield, etc., Ins. Co.,* 17 Minn. 123, was as to the validity of a tax deed, the court adjudging that as the deed was absolutely void no encumbrance was created. In the case of *Commercial Ins. Co.* v. *Spankneble,* 52 Ill. 53, the question arose on the provision of the policy declaring that if the assured was not the owner of the property the policy should be void, and the decision was that the assured was the owner notwithstanding the fact that her husband had an estate by the courtesy. Proceeding upon similar reasons other courts have held that a contingent dower interest of a wife does not make the husband a conditional or part owner of property within the meaning of a clause in a policy of insurance requiring the assured to be the unconditional and sole owner. *Virginia, etc., Ins. Co.* v. *Kloeber,* 9 Ins. L. J. 354; *Hough* v. *City Fire Ins. Co.,* 29 Conn. 10. These cases, it must be plain to every one, do not apply to a case where, as here, there is an instrument, in form a mortgage, securing an engagement, and providing for enforcement of the lien by foreclosure in the event of a default. If such an instrument does not create an encumbrance it is difficult to conceive how it is possible to frame one that will do so. *Seybert* v. *Pennsylvania, etc., M. F. Ins. Co.,* 103 Pa. St. 282.

The appellee argues that the appellant waived its right to insist upon a forfeiture, and there might be plausibility, if not strength, in the argument, if facts constituting a waiver had been replied to the answer pleading the encumbrance. *Phenix Ins. Co.* v. *Tomlinson,* 125 Ind. 84; *Schreiber* v. *German-American, etc., Ins. Co.,* 43 Minn. 367; *McMartin*

v. *Continental Ins. Co.*, 41 Minn. 196 ; *Phœnix Ins. Co.* v. *Lansing,* 15 Neb. 494.

But where an answer pleads facts showing the existence of such an encumbrance as avoids the policy, it is incumbent upon the assured, if he seeks to avail himself of a waiver, to plead the facts constituting the waiver, for the general denial does not tender such an issue. A waiver arises out of new and affirmative matter, and such matter must be replied in order to avoid an answer which pleads an affirmative defence. A single paragraph of a reply can not be good as a denial and in confession and avoidance.

Judgment reversed.

Filed Jan. 6, 1891.