Filed Feb. 6, 1895.

———————◆———————

No. 1,390.

## MILWAUKEE MECHANICS' INSURANCE COMPANY *v.* NIE-WEDDE.

INSURANCE.—*Condition Against Future Incumbrance.*—Insurance companies have the right, in this State, to protect themselves, by their contracts, against all breaches of conditions against future incumbrance of the property insured, without making the validity of the condition depend (in each individual case) upon the question of fact whether the incumbrance actually increased the risk.

SAME.—*Contract of Insurance, How Construed.*—A contract of insurance is construed most strongly against the insurer.

SAME.—*Waiver.*—*Existing and Future Incumbrances.*—A waiver of a condition against existing incumbrances does not operate as a waiver of a condition against future incumbrances.

SAME.—*Knowledge By Insurer of Uses and Incidents in Conflict with Policy.*—*Defense.*—The rule that known uses or incidents of the risk (which are in conflict with the conditions of the policy), can not be used to defeat a recovery after a loss has occurred, has reference to actual, and not constructive, knowledge.

From the Jackson Circuit Court.

*R. Applewhite* and *J. F. Applewhite,* for appellant.

*L. F. Branaman, B. H. Burrell, W. K. Marsh, H. N. Munden* and *W. H. Endebrock,* for appellee.

GAVIN, J.—Appellee sued appellant upon a policy of insurance on a stock of goods destroyed by fire.

By the special finding it appears that the policy contained this stipulation: "This entire policy, unless

otherwise provided by agreement indorsed hereon or added hereto, shall be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage.''

During the life of the policy the appellee placed a chattel mortgage on the stock to secure a preëxisting debt of $528, which mortgage was duly recorded several weeks before the loss. It is also found by the court that the mortgage was executed without fraud and did not in fact increase the risk, but the appellant had no knowledge of the same until after the loss, and did not at any time before the loss cancel the policy, or seek to do so. The mortgage debt remained unpaid.

An application was signed by appellee, but he said nothing as to incumbrances, liens or mortgages, present or future. There was a question relative to present incumbrances, but no answer was made thereto. The property destroyed was worth $4,700.

The appellant contends that the policy was avoided by reason of the breach of the future incumbrance clause, while appellee asserts that this cause of forfeiture has been waived by the company under the facts set forth.

We pass by the question as to whether the waiver is sufficiently pleaded (*Evans* v. *Queen Ins. Co.*, 5 Ind. App. 198; *Continental Ins. Co.* v. *Vanlue*, 126 Ind. 410), and take up the direct proposition.

That insurance companies may rightfully insert in their policies, and enforce against the holders as a defense, a clause declaring the policy void if the property insured be then, or thereafter becomes, incumbered by mortgage, can not, under the authorities, be successfully controverted. *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106; *Continental Ins. Co.* v. *Vanlue, supra; Continental Ins. Co.*, etc., v. *Kyle*, 124 Ind. 132; *Geiss* v. *Franklin Ins. Co.*, 123 Ind. 172.

Counsel argue that because the mortgage was recorded, the appellant was thereby chargeable with notice thereof, and they then seek to invoke the rule that notwithstanding conditions in the policy, if at the time the insurance was effected, or afterwards, there were conditions, uses or incidents of the risk which were in conflict with conditions in the policy, and which were known to the insurer, or its agent, whose knowledge is imputable to the company, such conditions, uses or incidents can not be used to defeat a recovery after a loss has occurred. *Havens* v. *Home Ins. Co.*, 111 Ind. 90; *Home Ins. Co., etc.*, v. *Duke*, 84 Ind. 253; *Home Ins. Co., etc.*, v. *Marple*, 1 Ind. App. 411; *Phenix Ins. Co., etc.*, v. *Boyer*, 1 Ind. App. 329; *Evans* v. *Queen Ins. Co., supra.*

In our opinion the knowledge which is contemplated by this rule and by these authorities and others of like import, is actual, not constructive knowledge. To hold otherwise would practically nullify the provision, because we can not but know that it is ordinarily and usually expected that mortgages shall be recorded, and Indiana chattel mortgages must be recorded within ten days, to protect the mortgagee against subsequent purchasers, etc.

No authority is cited which sustains this position.

In *Wicke* v. *Iowa, etc., Ins. Co.* (Iowa), 57 N. W. Rep. 632, the precise question was under consideration, and was decided in accordance with our own holding.

Counsel argue that appellee was under no obligation to disclose an incumbrance unless asked about it, and that because the question in the application relating to present incumbrances was left unanswered, and these were, under some cases, thereby waived, therefore the provision as to future incumbrances was also waived, citing *Continental Ins. Co.* v. *Munns*, 120 Ind. 30. This case does not aid appellee, because the decision relates

merely to the effect of failing to inquire as to existing, not future, incumbrances.

It would be impossible, or at least, as a rule, impracticable, to require a party to answer as to future incumbrances. He could not usually know beforehand whether he would mortgage his property at some future time.

Even if existing incumbrances were waived, as claimed by counsel, by reason of the company's failing to require an answer to the question regarding them, the waiver of the one condition would not operate as a waiver of the other. *Evans* v. *Queen Ins. Co.*, *supra*, p. 201.

We are unable to discover any conflict between the conditions of the application and those of the policy.

We can and do give a most hearty assent to the proposition that the contract in a policy of insurance, prepared as it is by the company, and {beset with traps to trip the unwary, is to be most strongly construed against the company, and that all doubts are to be resolved in favor of the insured. *Schmidt* v. *German Mut. Ins. Co.*, 4 Ind. App. 340.

Yet, looking at both the contract and the law, in the light most favorable to appellee, we are not able to discover any solid basis for holding this forfeiture waived.

We can not make the enforcement of the contract dependent upon whether the appellee acted in good faith, *Continental Ins. Co., etc.*, v. *Vanlue*, *supra*, p. 417; *Germania, etc., Co.* v. *Deckard*, 3 Ind. App. 361; nor on whether or not the execution of the mortgage actually increased the risk in this instance. The contract contains no such limitation, and similar provisions have been adjudged valid in many cases, some of which we have already cited. The act belonged to one of a class which has been generally regarded by the courts as ordinarily increasing the risk, and the companies have the

right to protect themselves by their contracts against all breaches coming within such a class without making the validity of the condition dependent upon the question of fact to be determined on proof in each individual case.   This the company has done in this instance.

In the case referred to by counsel (*Eager* v. *Firemans' Fund Ins. Co.*, 25 N. Y. Supp. 35), where the jury was called upon to determine as a question of fact whether the hazard was increased, the defense was founded not upon a special provision against a particular act, such as we have here, but upon a general clause calling for an avoidance if the risk was increased by any fact not disclosed or consented to by the company.

There is in this case, as made by the special finding, no element of fraud or mistake.   It is true the condition was a hard one, yet the appellee agreed to it, and we are unable to see that the company, either by act or omission, in any way misled the appellee or waived its legal rights under the contract.   So far as appears from the finding, and by this we must measure appellee's rights, he knowingly and voluntarily entered into the contract, and then deliberately violated the condition upon which his rights depended.

Relief from such improvident contracts must be sought from the Legislature rather than at the hands of the courts.   It is the duty of the latter to declare the law as it exists.   The Legislature, however, may doubtless, by the passage of laws such as are in force in Ohio and other States, provide against the enforcement of forfeiture clauses where there is no fraud, and no real increase of risk.   By a statute of Ohio, passed in 1879, it is enacted that, "in the absence of any change increasing the risk without the consent of the insurer, and also of intentional fraud on the part of the insured," the company must pay the full amount of the policy in

case of total loss, and the full amount of loss where it is only partial. *Moody* v. *Amazon Ins. Co.* (Ohio), 38 N. E. Rep. 1011; *Insurance Co.* v. *Leslie*, 47 Ohio St. 409.

By such statutes, much of the uncertainty of recovery connected with insurance is removed, and the parties are relieved from many of the burdens now attaching to the holders of the ordinary insurance policy. In our State no such legislation has been enacted, and we are forced to the conclusion that the appellee failed to establish a right of recovery.

Judgment reversed with instructions to the court to restate its conclusions of law.

Filed Feb. 1, 1895.