UNION ASSURANCE SOCIETY, LIMITED, ETC.,
*v.* RENEER.

[No. 12,772.    Filed May 27, 1927.]

1. INSURANCE.—*Rule as to tendering or paying back premiums when breach of condition not discovered until after loss.*— Where an insurer does not acquire knowledge of a breach of conditions of the policy until after a loss, it is not required to take any affirmative action or to pay back or tender the premiums paid, but, having denied liability, it may wait until

suit is brought against it, and then plead the breach, and tender the premiums paid or pay them into court.  p. 243.

2.  INSURANCE.—*Notice of intention to avoid policy because of encumbrance of insured property not necessary where encumbrance not discovered until after loss.*—Where a fire insurance policy contained a provision that the policy should be void if the insured property was encumbered, the existence of an encumbrance would not require the insurer to notify the insured that it intended to avoid the policy where it had no knowledge thereof until after a loss, but could stand on the provision of the policy that there was no liability.  p. 243.

3.  INSURANCE.—An insured is bound to know of the provisions of his policy.  p. 244.

4.  INSURANCE.—Provisions in a fire insurance policy making the policy void if property is encumbered are reasonable and valid. p. 244.

5.  INSURANCE.—*Insurer's failure to inquire as to existence of mortgages on insured property not waiver of provision making policy void if property encumbered.*—Where a fire insurance policy contained a provision that the policy would be void if the insured property became encumbered by a chattel mortgage, the failure of the insurance company to inquire as to such encumbrances would not constitute a waiver of the provision.  p. 244.

6.  INSURANCE.—*Answer alleging existence of chattel mortgages on insured property held sufficient regardless of insured's concealment thereof.*—In an action on a fire insurance policy, a paragraph of answer alleging that the policy contained a provision making the policy void if the insured property became encumbered by a chattel mortgage, that the property was encumbered by two such mortgages, to the knowledge of the insured, and that his failure to disclose the same to the defendant amounted to a concealment thereof, was good against a demurrer, as the concealment of the existence of the mortgages was immaterial.  p. 245.

7.  INSURANCE.—*Existence of chattel mortgages on insured property unknown to insurer until after loss sufficient to avoid policy.*—That chattel mortgages existed on property covered by a fire insurance policy containing a provision that policy should be void if property was encumbered, that insurer had no knowledge of their existence until after loss, constituted unwaived breach of provision which was sufficient to avoid it.  p. 245.

8.  INSURANCE.—*Silence of insurer as to avoidance of policy after notice of loss would not constitute waiver of policy provision nor create estoppel.*—The mere silence of the insurer after no-

tice of a loss under a policy providing that it should be void if insured property should be encumbered would not constitute a waiver of the provision, and the fact that the insured had instituted an action on the policy and incurred costs would be immaterial, as that would not create an estoppel.   p. 245.

From Vanderburgh Probate Court; *Elmer Q. Lock-year*, Judge.

Action by Perry Reneer against the Union Assurance Society, Limited, of London, England.  From a judgment for plaintiff, the defendant appeals.  *Reversed.* By the court in banc.

*Burke G. Slaymaker, Lawrence B. Moore* and *Slaymaker, Turner, Merrell, Adams & Locke,* for appellant.

*S. L. Vandeveer,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover on a policy of fire insurance executed by appellant to appellee.  There was a trial by the court, resulting in a judgment for appellee, from which this appeal, appellant assigning, with others, the errors hereinafter discussed.

To the complaint in four paragraphs, appellant filed an answer in four paragraphs to each paragraph of complaint.  Appellee demurred to each paragraph of answer, which demurrer was sustained to the second, third and fifth paragraphs respectively and overruled to the fourth paragraph.  These rulings of the court are presented as error.  It is averred in the second paragraph of answer that there was a breach of the condition or warranty of the policy by which the parties agreed that it should be void if the insured property was encumbered, alleging two undisclosed chattel mortgages, and that appellant's knowledge of the breach was not acquired until after the loss; that forthwith, upon receipt of such knowledge, it denied liability to appellee and by the answer appellant avoided the policy for the

breach, and the premium with interest was paid into court with this paragraph of answer.

As averred in the second paragraph of answer, it was expressly provided in the policy sued on that the entire policy should be void if the subject of insurance

1. be personal property and be or become encumbered by a chattel mortgage. It is averred that the property was encumbered by two chattel mortgages, that appellant did not know of such encumbrance until after the loss was sustained, that immediately thereupon, it denied liability, and paid the premium which it had received into court, along with such paragraph of answer. It is the law that where an insurer does not acquire knowledge of a breach of the conditions of the policy until after the loss, it is not required to take any affirmative action or to pay the premium back, but, having denied liability, it may wait until suit is brought against it, and then, as was done here, plead the breach, and tender the premium back, or pay it into court. *Replogle* v. *American Ins. Co.* (1892), 132 Ind. 360, 366, 31 N. E. 947; *Continental Ins. Co.* v. *Dorman* (1890), 125 Ind. 189, 25 N. E. 213; *Titus* v. *Glens Falls Ins. Co.* (1880), 81 N. Y. 410; *Goorberg* v. *Western Assurance Co.* (1907), 150 Cal. 510, 10 L. R. A. (N. S.) 876.

Appellee's confusion grows out of his effort to treat appellant's action as an attempted rescission of the policy; but appellant does not seek to rescind the

2. policy, but, standing on its terms, it contends that there is no liability thereunder because of appellee's breach. Were appellant seeking to rescind, appellee might well contend that there was a waiver of forfeiture because appellant had not promptly tendered back the premium after discovering the breach. Not having discovered the breach until after the loss, appellant was not even required to notify appellee that it

intended to avoid the policy. *Replogle* v. *American Ins. Co., supra; Titus* v. *Glens Falls Ins. Co., supra; Queen Ins. Co.* v. *Young* (1888), 86 Ala. 424, 11 Am. St. 51.

We do not understand that appellee contends that he did not know of the provision of his policy as to encumbrances, but even if he did so contend, such 3, 4. want of knowledge of the provisions of his policy would be unavailing to him. He is bound to know of the provisions of his policy. *Blunt* v. *Fidelity, etc., Co.* (1904), 145 Cal. 268; *Bostwick* v. *Mutual Life Co.* (1902), 116 Wis. 392, 67 L. R. A. 246. He knew, then, of the provisions of his policy as to chattel mortgages, or should have known, and he knew, of course, that his property was encumbered with two chattel mortgages in violation of the terms of the policy. It is well settled that such provisions in insurance policies are reasonable. *Phoenix Ins. Co.* v. *Overman* (1899), 21 Ind. App. 516, 52 N. E. 771; *Milwaukee Mechanics Ins. Co.* v. *Niewedde* (1895), 12 Ind. App. 145, 39 N. E. 757; *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106; *Continental Ins. Co.* v. *Vanlue* (1891), 126 Ind. 410; *Continental Ins. Co., etc.,* v. *Kyle* (1890), 124 Ind. 132; *Geiss* v. *Franklin Ins. Co.* (1890), 123 Ind. 172.

In the Phoenix Insurance Company case, the policy contained a provision similar to the one here involved, and the court, after setting out the provision, said that, "it is well settled that an insurance company may insert in its policy the above provisions, and enforce them against a policy holder." Citing *Milwaukee Mechanics Ins. Co.* v. *Niewedde, supra.*

Appellee argues that, because of appellant's failure to make inquiry as to the existence of any chattel mortgage, it therefore waived the provision, but we 5. do not so understand the law. Had the policy provided generally that it should be void for failure to disclose facts material to the risk, there would

be merit in the contention.   Appellant would have been required to inquire concerning facts which it deemed material, but the policy in suit expressly provides that it shall be void if a specific fact exists—if the property be or become encumbered by a chattel mortgage.   By such provision, appellee was fully informed that appellant deemed such an encumbrance material to the risk.

It was the theory of the fifth paragraph of answer that the existence of the chattel mortgages on the property insured was material to the risk, that their existence was known to appellee, and that his failure to reveal the same amounted to a' concealment of their existence.   While we hold that the paragraph was good as against appellee's demurrer, it seems to us that the question of concealment can make but little difference, under the circumstances of this case as disclosed in the second paragraph of answer. Whether appellee concealed the fact of the existence of the mortgages or not, they were there, and appellant had no knowledge of their existence until after the loss. This constituted an unwaived breach of the policy which was sufficient to avoid it.

The second paragraph of reply to the fourth paragraph of answer avers that appellant knew of the existence of the mortgages within two days after the fire, that liability was not denied until after suit was commenced, and appellee had incurred costs, and that the delay was unreasonable.   But, as stated above, the mere silence of appellant after notice of the loss will not constitute a waiver of the condition as to the existence of a chattel mortgage.   And the fact that appellant had incurred costs is insufficient to create a waiver or estoppel.   *Hughes* v. *New York Life Ins. Co.* (1903), 72 Pac. (Wash.) 452, 454; *Barnett* v. *Kemp* (1914), 167 S. W. (Mo.) 546, 571; *Jamison* v. *Auxier* (1910), 145 Iowa 654, 124 N. W. 606.

The court erred in sustaining appellee's demurrers to appellant's respective paragraphs of answer and in overruling appellant's demurrer to appellee's second paragraph of reply. For these errors, the judgment is reversed.

Dausman, J., absent.