IROQUOIS AUTO INSURANCE UNDERWRITERS *v.* STIER-WALT.

[No. 13,301.   Filed March 8, 1929.]

*John E. Sedwick* and *Mann & Coleman,* for appellant. *S. C. Kivett,* for appellee.

NICHOLS, J.—Action by appellee in which he seeks to

recover from appellant $400 for loss of his automobile by fire, the complaint of appellant being based upon a policy of insurance issued by appellant to appellee, insuring appellee's automobile against loss by fire.

Appellee's demurrer to the amended second paragraph of answer was sustained.

Appellant refused to plead further and stood by its amended second answer, whereupon the court found for appellee upon his complaint, and rendered a judgment against appellant in the sum of $426.67.

The error assigned is the court's action in sustaining the demurrer to the amended second paragraph of answer. It is averred in this paragraph of answer that appellant admits the execution of the policy sued on in the complaint, insuring against fire and theft and collision losses, but appellant says that said policy sued upon contains an express concurrent insurance clause that "no recovery shall be had under this policy if at the time the loss occurs, there be any other insurance covering such loss which would attach if this insurance had not been effected."

That on August 21, 1925, the said automobile was insured in the Netherlands Insurance Company for one year, and at the end of one year, said policy last mentioned was renewed to cover the unexpired portion of the note, and at the time of the loss complained of in appellee's complaint, to wit., September 23, 1926, said automobile was insured against loss by fire or theft in the Netherlands Insurance Company, which fact was unknown to appellant or its authorized agent, and which fact, to wit., the existence of an enforceable policy in the Netherlands Insurance Company, covering loss by fire or theft, was known to appellee at the time the policy was issued to him by appellant; that appellant or its authorized agent or agents did not have any knowledge that appellee had additional insurance on said automo-

bile, covering loss by fire and collision until October, 1926; that the policy issued by appellant upon the said automobile belonging to appellee covered loss by fire and theft and collision, and that the policy issued by the Netherlands Insurance Company covered loss by fire, and that said policy in the Netherlands Insurance Company was in full force and effect on the date of the issuance of the policy to appellee by appellant, to wit: September 18, 1926, and also in full force and effect on the day of the loss mentioned in appellee's complaint, to wit, September 23, 1926; that the existence of an enforceable policy of insurance covering loss by fire in the Netherlands Insurance Company constituted a breach of the policy issued by appellant to appellee, by which the parties agreed that no recovery should be had under the terms of the policy if, at the time any loss occurs, there should be any other insurance covering such loss which would attach if this insurance had not been effected; that its knowledge of the breach was not acquired until after the loss, and that forthwith, upon receipt of such knowledge, it denied liability to appellee; that said appellee had knowledge of the policy of insurance covering loss by fire in the Netherlands Insurance Company at the time of contracting for the policy with appellant; that he entered into the contract with the Netherlands Insurance Company voluntarily and of his own free will; that the existence of additional insurance covering losses identical with those assumed by appellant are material to the risk.

Appellant denied liability under the terms of its policy and tendered to the clerk of the circuit court $32.44, the premium and interest thereon, for the benefit and use of appellee, and prayed for judgment.

There is no challenge of the complaint, and its substance is sufficiently set out for us to determine as to

the court's ruling in sustaining appellee's demurrer to the second paragraph of answer. The demurrer should have been overruled. It clearly avers a breach of the contract of insurance. The breach not being discovered until after the loss, appellant was not required immediately to tender back the premium, or even to notify appellee that it intended to avoid the loss. When sued, it could plead the breach, and pay the premium into court. *Union Assurance Society* v. *Reneer* (1927), 86 Ind. App. 240, 156 N. E. 833; *Replogle* v. *American Ins. Co.* (1892), 132 Ind. 360, 31 N. E. 947.

Judgment reversed, with instructions to overrule the demurrer to the second paragraph of complaint.