William L. PENWELL, Appellant (Plaintiff Below),

v.

WESTERN & SOUTHERN LIFE INS. CO., Appellee (Defendant Below).

No. 4-1084A284.

Court of Appeals of Indiana, Fourth District.

Feb. 27, 1985.

David A. Willis, Valparaiso, for appellant (plaintiff below).

Larry G. Evans, Karen L. Hughes, Hoeppner, Wagner & Evans, Valparaiso, for appellee (defendant below).

CONOVER, Judge.

Plaintiff-Appellant William L. Penwell (Penwell) appeals the entry of summary judgment by the Porter Superior Court in favor of Western and Southern Life Insurance Company (Western and Southern).

Affirmed.

ISSUES

Restated, this appeal presents the following issues:

Whether an insured's failure to perform his affirmative duty to file a claim therefor under the terms of an insurance policy providing for waiver of premiums in case of insured's total disability and pay the premiums due until such claim is approved by the company is excused because

(a) the employee-agent of the company had actual knowledge of insured's total disability,

(b) the company had a duty to inform the insured of the proper procedure for filing notice to obtain a waiver of premium as provided by the policy, and

(c) the insured's lack of intellect excused him from knowing the contents of his policy.

FACTS

Penwell purchased a $10,000 whole life insurance policy from Western and Southern through its agent in Portage. He kept the policy in force by paying the premiums as they became due under the policy. When he became totally disabled, however, he stopped paying the premiums. Although the policy contained a provision for waiver of the payment of premiums in case of total disability, the waiver became effective only under certain conditions. The policy provided:

The Owner should pay all premiums becoming due prior to approval of a claim [of total disability] by the company. The portion of any premiums paid but later waived will be refunded. The policy proceeds, values and benefits will be the same as if all premiums being waived were paid in cash.

Penwell claims he became totally disabled in February, 1982. He acknowledges the policy lapsed on March 11, 1982, because he failed to pay the premium.

DISCUSSION AND DECISION

I.

*Standard of Review*

■ Our appellate standard of review in summary judgment cases is well known. Under Ind.Rules of Procedure, Trial Rule

56, summary judgment is appropriate only where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Grimm v. F.D. Borkholder Co., Inc.* (1983), Ind.App., 454 N.E.2d 84, 85–86; *Perry v. NIPSCO* (1982), Ind.App., 433 N.E.2d 44, 46.

When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. We must determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Mead, Johnson and Co. v. Oppenheimer* (1984), Ind.App., 458 N.E.2d 668. We must liberally construe all evidence in favor of the non-movant and resolve any doubt as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723; *Grimm,* 454 N.E.2d 84, 86; *Moll v. South Central Solar Systems, Inc.* (1981), Ind. App., 419 N.E.2d 154, 159. A fact is material if it facilitates resolution of any of the issues involved. *Havert v. Caldwell* (1983) Ind., 452 N.E.2d 154, 157. On appellate review the trial court's judgment will be affirmed on any theory or basis found in the record which supports the trial court's judgment. *Havert,* 452 N.E.2d at 157; *Thornton v. Pender* (1978) 268 Ind. 540, 377 N.E.2d 613; *Ft. Wayne Patrolmen's Benevolent Ass'n., Inc. v. City of Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295. A fact is "material" for summary judgment purposes, if its resolution is decisive of the action or of a relevant secondary issue. *Grimm,* 545 N.E.2d at 86.

Two undisputed material facts are dispositive of this case. Penwell neither performed his affirmative duty under the policy to file a claim with Western and Southern for his total disability nor did he pay the premiums as they fell due, as required by the policy.

In a late-notification of claim case, where the insurance company sought a declaratory judgment of non-liability, defendant-insured filed a third party complaint against his insurance agent for negligence and breach of contract claiming the agent breached its duty to advise him he had coverage under a policy in force with the insurance company. Sustaining the District Court for the Southern District of Indiana's dismissal of defendant-insured's third party complaint, the Seventh Circuit said:

... The law does not impose such duty upon an insurance agent.

It is fundamental that an insured has a duty to learn the contents of the policy himself, even though it becomes necessary to have some third person read the contents to him. 1 Appleman, Insurance Law and Practice § 1, pp. 9–10 (1965 ed.); *United Pac. Ins. Co. v. Northwestern Nat. Ins. Co.,* 185 F.2d 443, 447 (10th Cir.1950); *New York Life Ins. Co. v. McMaster,* 87 F. 63, 67 (8th Cir.1898), cert. denied, 171 U.S. 687, 18 S.Ct. 944; *Warren v. Confederation Life Ass'n.,* 401 F.2d 487, 490 (1st Cir.1968). Indiana law is in accord. *Union Assurance Society, Ltd. v. Reneer,* 86 Ind.App. 240, 244, 156 N.E. 833, 834 (1927); *Metropolitan Life Ins. Co. v. Alterovitz,* 214 Ind. 186, 198, 203, 14 N.E.2d 570 (1938).

*Ohio Casualty Ins. Co. v. Rynearson,* 507 F.2d 573, 581 (7th Cir.1974). While the decisions of the United States Courts of Appeal do not bind us, they are acceptable to us as guides. We give them due consideration. *Indiana Civil Rights Comm. v. Sutherland Lumber* (1979), Ind.App., 394 N.E.2d 949, 954; *Witherspoon v. Salm* (1968), 142 Ind.App. 655, 668, 237 N.E.2d 116, 123; *Lutz v. Goldblatt Brothers, Inc.* (1967) 140 Ind.App. 678, 690, 225 N.E.2d 843, 851. However, we are bound by the Indiana authority therein cited, namely, *Reneer* and *Alterovitz.*

The filing of a claim seeking permanent disability status, and its approval by Western and Southern were conditions precedent to Penwell's achieving waiver of premium status under the above-quoted clause of the insurance policy. Its terms are plain and unambiguous. He was bound to know the contents of his policy, and to act according to its terms. Because of his failure to file a claim and pay the required

premiums until the claim was approved, the policy lapsed. Accordingly, the trial court did not err by entering summary judgment for Western and Southern.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.