ZEB F. SWAIN & another *vs.* SECURITY LIVE STOCK
INSURANCE COMPANY & trustees.

Suffolk. December 13, 1895. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Insurance on Horse — Failure to give Notice as required by Policy of Insurance.*

The owner of a horse cannot recover on a policy of insurance upon the horse's life, if no notice was given to the insurer of the sickness of the horse, as required by the policy, and no fact appears tending to show a waiver by the insurer of this requirement.

CONTRACT upon a policy of insurance upon a horse owned by the plaintiffs. Trial in the Superior Court, without a jury, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows.

On October 3, 1893, the plaintiffs were resident in Concord, New Hampshire. The horse was in charge of a trainer, named

Cox, resident in Manchester in that State, and was kept at a race track in Pittsfield, in the same State, in charge of an agent of Cox. At about five o'clock in the afternoon of October 3, 1893, Cox was notified by telephone that the horse was unwell, and thereupon he procured a competent veterinary surgeon in Manchester and drove about twenty-eight miles to Pittsfield, arriving at ten or eleven o'clock at night, and was with the surgeon in attendance all night on the horse at the stable where he was kept, some two miles from any telegraph or telephone station. At about six or seven o'clock in the morning, Cox went to the telephone station and notified Mudgett, one of the owners of the horse at Concord, that the horse was very sick. Mudgett thereupon procured another competent veterinary surgeon and drove some twenty miles across country to Pittsfield, arriving there at about ten o'clock in the morning. The horse died at about one o'clock, having been sick more than fifteen hours. Pittsfield is a town connected by railroad and telegraph with Boston, but it did not appear at what times trains for Boston left Pittsfield. It did not appear that either of the owners of the horse knew how long the horse had been sick until Mudgett arrived at Pittsfield, about three hours before the horse's death ; nor did it appear whether Cox had any knowledge concerning the conditions and agreements of the policy, or in what company the horse was insured. No notice was given to the defendant, a Massachusetts corporation, whose home office was in Boston, until after the horse was dead, and there was no evidence beyond what is stated above why such notice was not given.

The plaintiffs contended, and the judge found, that the horse during his sickness was treated by competent veterinary surgeons.

The fourth of the conditions and agreements in the policy was as follows : " If the animal shall become sick or disabled, the insured shall notify the company within fifteen hours, and the company may send one of its veterinarians to treat the case, if in its discretion it is deemed necessary or expedient."

The judge ruled that the plaintiffs could not maintain their action, and the plaintiffs excepted. If the ruling was right, judgment was to be entered for the defendant corporation; otherwise, judgment was to be entered for the plaintiffs.

*G. F. Williams & G. W. Anderson*, for the plaintiffs.

*J. H. Taylor*, for the defendant corporation.

ALLEN, J. The plaintiffs' horse was in charge of a trainer named Cox, and lived twenty hours after Cox knew that it was sick. No notice was given to the defendant corporation until after the horse was dead. This was a plain failure to comply with the requirement of the policy, that, " if the animal shall become sick or disabled, the insured shall notify the company within fifteen hours." No fact appears tending to show a waiver by the defendant of this requirement. The clause bears some analogy to the time limit in ordinary policies for proof of loss. The requirement was a valid ·one. *Lohnes* v. *Insurance Co. of North America,* 121 Mass. 439. *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382. *Davis* v. *Davis,* 49 Maine, 282.

We do not determine or consider whether the fifteen hours would begin to run before knowledge of the horse's sickness by the plaintiffs or their agent, or whether the notice must actually reach the defendant corporation within the fifteen hours. These questions are suggested by the plaintiffs, but do not arise upon the facts of the case.

*Judgment for the defendant corporation.*