GEORGE E. KIMBALL

*vs.*

MASON'S FRATERNAL ACCIDENT ASSOCIATION.

Somerset.    Opinion April 15, 1897.

*Insurance.   Accident.   Company.   Notice of Injury.   Waiver.   Retroactive
Statute.   Stats. 1893, c. 223; 1895, c. 46.*

An accident insurance policy, dated October 11th, 1892, contained a provision
to the effect that written notice should be given to the defendant within ten
days of the accident and injury for which claim to indemnity is made; and
that unless such notice was received within the specified time, all claim to
indemnity under the contract of insurance should be forfeited to the
defendant.

*Held;* that the condition in the contract, at the time that it was made, was a
valid one.

The act of the legislature, approved March 17th, 1893, to the effect that no
such stipulation in an accident insurance policy which limits the time within
which notice shall be given to a period less than sixty days (amended in 1895
to thirty days) after the accident, shall be valid, does not apply to a contract
previously made.   No legislative act can make invalid a provision in an exist-
ing contract otherwise valid.

*Held;* in this case, that the plaintiff cannot recover, he having failed to per-
form his condition of the contract, as to notice of the injury, and there
being no sufficient evidence of a waiver by the defendant of this provision.

ON REPORT.

The case is stated in the opinion.

*F. W. Hovey*, for plaintiff.

Plaintiff on March 6, 1893, by letter notified company at home
office, also shortly afterward, March 28, 1895, proved his claim
against the company.   This proof seems all that need be required,
but if not, it is waived by company's letter in which the secretary
says:   "There will be no question either way so far as proof of
accident is concerned.   Your case hinges in the other direction."
And in subsequent letters the company says and admits the injury,
but claims that the whole matter hinges upon matter of notice;
and that this is the only question in the case.   This amounts to a
waiver of any informality or defect in proof of claim.   See *Works*

v. *Farmer's M. F. Ins. Co.*, 57 Maine, 281; *Blake* v. *Ins. Co.*, 12 Gray, 265; *Butterworth* v. *Western Assur. Co.*, 132 Mass. 489.

Even not objecting to the absence of proof of claim estops defendant from objecting at this point. Vol. II Amer. Ency. of Law, p. 340.

The act of the agent insuring Kimball, he being an authorized agent of the company, in directing Kimball to notify the local agent amounts to a waiver of the terms of the policy, although contrary to an express stipulation in the policy. Vol. II Ency. of Law, p. 338-340 and notes; *Carson* v. *Jersey City F. Ins. Co.*, 43 N. J. L. 300, (39 Am. Rep. 584).

Counsel also cited: R. S., c. 49, §§ 21, 90; *Day* v. *Dwelling-House Ins. Co.*, 81 Maine, 244; *Berry* v. *Clary*, 77 Maine, 482.

*J. W. Manson and G. H. Morse*, for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WIS-WELL, STROUT, JJ.

WISWELL, J. The plaintiff was insured by the defendant corporation against bodily injury sustained through external, violent and accidental means, by a written contract of insurance dated October 11th, 1892.

The contract contained this provision: "Written notice shall be given the said association at Westfield, Mass., within ten days of the date of the accident and injury for which claim to indemnity or benefit is made, with full particulars thereof, including a statement of the time, place and cause of the accident, the nature of the injury and the full name and address of the insured and beneficiary, and unless such notice and statement is received as aforesaid, all claim to indemnity or benefit under this certificate shall be forfeited to the association."

On November 24th, 1893, the plaintiff claims to have sustained bodily injury through accidental means so as to be entitled to the indemnity provided in the contract. The first written notice of any kind given to the association was a letter dated March 6th, 1894.

The defendant, relying upon the terms of its contract, claims that the plaintiff failed to perform one of the conditions of the contract and is not entitled to recover. We can see no answer to the defendant's position. The condition in the contract, at the time that it was made, was a valid one. "It was competent for the parties to make the agreement, and they are bound by it." *Heywood* v. *Accident Association*, 85 Maine, 289. The accident is alleged to have occurred upon November 24th, 1893; no written notice of any kind was given until March 6, following.

The act of the legislature, approved March 17th, 1893, to the effect that no such stipulation in an accident insurance policy which limits the time within which notice shall be given to a period less than sixty days (amended in 1895 to thirty days) after the accident, shall be valid, does not apply to a contract previously made. No legislative act can make invalid a provision in an existing contract otherwise valid.

Nor did the defendant in any way waive this provision in the contract. In his reply to the plaintiff's letter of March 6th, the defendant's secretary says, "replying to same, beg to say that notice should have been sent to this office within ten days of the happening of accident, in accordance with the contract, in order to receive recognition by the board of directors." And in almost every subsequent communication from the secretary he calls attention to the fact that this condition had not been complied with. The whole correspondence shows that the association, instead of waiving this stipulation in the contract, intended to rely and insist upon it and distinctly said so.

But the plaintiff testified, that at the time of making this application he made this inquiry of the agent taking it: "What shall I do in the case of an accident?" And that the agent replied: "Employ your family physician and notify the local agent, Mr. Haskell." He further testifies that he did verbally notify Mr. Haskell.

It is difficult to believe that the agent intended or that the plaintiff supposed that this reply was a part of the contract between the assured and the association, which should have a

controlling effect upon the plain provisions of the written contract subsequently made.

The plaintiff is bound by the contract. He has failed to perform one of its requirements, and according to its terms has forfeited all claim under it.

*Judgment for defendant.*