Grafton, }
May 2, 1905. }

## JOHNSON v. MARYLAND CASUALTY CO.

One who negotiates and accepts a policy of insurance is presumed, in the absence of fraud and imposition, to have knowledge of the terms, conditions, and limitations therein contained.

If a policy of insurance is negotiated and accepted by an agent of the insured, the latter is chargeable with the agent's knowledge as to the terms of the contract.

Where an accident policy provides that recovery thereunder shall be barred unless notice of claim be given within ten days of an injury, the insured cannot maintain an action for an injury of which no notice was given for nearly four months, when it appears that his failure to comply with the condition was due solely to his ignorance of the existence of the policy.

ASSUMPSIT, upon a policy of insurance against bodily injury sustained by the insured. The court found a verdict for the defendants upon the agreed facts, and the plaintiff excepted. Transferred from the September term, 1904, of the supreme court by *Pike*, J.

The plaintiff was injured July 18, 1903, and is entitled to recover unless defeated by failure to give notice in accordance with clause 8 of the policy, which is as follows: "Immediate written notice must be given the company at Baltimore, or its duly authorized agent, of any accident and injury for which a claim is to be made, with full particulars thereof, and full name and address of the assured. Unless such notice be given within ten days after the accident, no claim shall be valid. Affirmative proof of death, or loss of limb, or of sight, or of duration of disability, must also be furnished to the company within two months from time of death, or of loss of limb, or of sight, or of the termination of disability. Legal proceedings for recovering hereunder may not be brought until after three months from date of filing proofs at the company's home office; nor brought at all unless begun within six months from the time of death, loss of limb, or sight, or the termination of disability. Failure to comply with the provisions of this section shall debar recovery for such injuries."

Before the policy was issued the plaintiff discussed the subject of insurance with an agent of the defendants and referred the agent to his father, who, acting for his son, purchased and received the policy in suit on December 5, 1902. The father did not inform the plaintiff of the policy, and the latter had no knowledge of it until November 13, 1903. He did not realize that he was

seriously injured until two weeks after the accident.   As soon as the plaintiff's father recalled the fact of the insurance he notified his son, who immediately notified the company.   The failure of the plaintiff to return the notice required by the policy was the result of accident, mistake, and misfortune, due to the fact that in the first instance he did not consider himself seriously injured and at that time would not have made any claim if he had known of the policy, and after his injury developed he was unaware of the existence of the policy and was greatly disabled in respect to his opportunity and ability to attend to business.   The plaintiff offered to prove that the defendants were not injured by the delay in giving notice.

*Batchellor & Mitchell*, for the plaintiff, filed a brief.

*Everett C. Howe*, orally for the plaintiff, cited *Trippe* v. *Society*, 140 N. Y. 23; *McElroy* v. *Insurance Co.*, 88 Md. 137,—71 Am. St. Rep. 400; *United Benevolent Society* v. *Freeman*, 111 Ga. 355; *Manufacturers' etc. Co.* v. *Fletcher*, 5 Ohio C. C. 633; *Globe etc. Co.* v. *Gerisch*, 163 Ill. 625,—54 Am. St. Rep. 486; *Phillips* v. *Society*, 120 Mich. 142; *McFarland* v. *Association*, 124 Mo. 204; *Woodmen etc. Ass'n* v. *Pratt*, 62 Neb. 673,—89 Am. St. Rep. 777; *Munz* v. *Insurance Co.*, 26 Utah 69,—62 L. R. A. 485.

*George F. Morris*, for the defendants.

Parsons, C. J.   The defendants do not contend that the plaintiff's father, George L. Johnson, was not authorized as the plaintiff's agent to negotiate the policy of insurance in suit and to complete the contract by acceptance of the policy upon its delivery to him.   If he had not such authority, there was no contract between the parties to this suit.   *Busher* v. *Insurance Co.*, 72 N. H. 551; *Perry* v. *Insurance Co.*, 67 N. H. 291; *Tasker* v. *Insurance Co.*, 59 N. H. 438, 444.   If George L. Johnson had authority as the plaintiff's agent to complete the contract by accepting the policy, his acceptance was the plaintiff's acceptance, and the case stands as if the policy had been delivered to and accepted by the plaintiff.   He is chargeable with the knowledge of his agent of the terms of the contract made for him by the agent.   *Morrison* v. *Insurance Co.*, 64 N. H. 137, 139; *Tasker* v. *Insurance Co.*, 59 N. H. 438, 445; *Patten* v. *Insurance Co.*, 40 N. H. 375.   Whether the father's agency for the son was created by prior authorization or subsequent ratification, the son can maintain his suit only upon the ground that the contract his father made for him was his contract.   From the plaintiff's "acceptance of the policy and his

commencement of a suit upon it, it must be held, in the absence of fraud or imposition, that the plaintiff had notice of, understood, and agreed to, and is bound by the terms, limitations, and conditions contained therein." *Dwyer* v. *Insurance Co.*, 72 N. H. 572, 574; *Davis* v. *Insurance Co.*, 67 N. H. 335, 338; *Brown* v. *Insurance Co.*, 59 N. H. 298, 307.

In the absence of statutory prohibition, the parties had the right in an insurance contract, as in any other contract, to incorporate into their agreement such conditions as appeared to them proper. *Dwyer* v. *Insurance Co.*, 72 N. H. 572, 573; *Boardman* v. *Insurance Co.*, 20 N. H. 551, 555. The contract for insurance is a voluntary one, and the insurers have the right to designate the terms upon which they will be responsible for losses. *Riddlesbarger* v. *Insurance Co.*, 7 Wall. 386, 390. They "are liable only in accordance with the terms and stipulations expressed in their contract as the conditions of their liability." *Moore* v. *Insurance Co.*, 62 N. H. 240, 241. One term of the contract in suit, to which the plaintiff agreed by his father's acceptance of the policy, was the provision for notice to the defendants of any accident or injury for which a claim is to be made, with the further stipulation that "unless such notice be given within ten days after the accident, no claim shall be valid." The policy also provides that the failure to comply with the provisions of the section containing, among others, the stipulations as to the notice "shall debar recovery for such injuries." No notice of the plaintiff's accident and injury was given until 118 days after the accident. The provision as to notice required action by the plaintiff subsequent to the making of the policy and the occurrence of the loss, but compliance therewith is expressly made a condition precedent to the defendants' liability. *Patrick* v. *Insurance Co.*, 43 N. H. 621. "In the case of a condition precedent, that is, an act to be performed by the plaintiff before the defendant's liability is to accrue under his contract, the plaintiff must aver in his declaration, and prove, either his performance of such condition precedent, or an offer to perform it which the defendant rejected; or his readiness to fulfil the condition until the defendant discharged him, the plaintiff, from so doing, or prevented the execution of the matter to be performed by him." Chit. Cont. *738; Chit. Pl. *309–313; *Pendergast* v. *Meserve*, 22 N. H. 109; *Woods* v. *Kirk*, 28 N. H. 324; *Worsley* v. *Wood*, 6 D. & E. 710. The case does not raise the question of what might constitute a substantial compliance with the condition, for there was no attempt to give notice within ten days of the accident, or within that period after the time when the plaintiff became aware of the serious character of his injury. The only excuse offered for non-compliance with the condition of the

policy is that the plaintiff's failure to do so was the result of accident, mistake, and misfortune.    But such fact is not a compliance with the condition, without which there can be no recovery at common law.    *Tasker* v. *Insurance Co.*, 58 N. H. 469 ; *Heywood* v. *Association*, 85 Me. 289 ; *Kimball* v. *Association*, 90 Me. 183 ; *Whalen* v. *Accident Co.*, 99 Me. 231 ; *Swain* v. *Insurance Co.*, 165 Mass. 321 ; *Wheeler* v. *Insurance Co.*, 82 N. Y. 543, 550.    The case is not understood to mean that the plaintiff's condition was such that it was impossible for him to have given the notice and fully complied with all the provisions of section 8 of the policy as soon as he learned of the character of his injury.    The reason of his failure to do so appears to have been the fact that his agent did not inform him of the existence of the policy.    Upon the facts, the case is controlled by the principle of the decision in *Tasker* v. *Insurance Co.*, 59 N. H. 438.    " In construing insurance policies courts are governed by the same general rules which are applicable to other written contracts.    That is to say, it is the duty of the court to adopt that construction of the policy which, in its judgment, shall best correspond with the intention of the parties."    *Stone* v. *Insurance Co.*, 69 N. H. 438.    The intention of the parties so found from competent evidence is the contract the court in each case is called upon to enforce.

" If there be a condition precedent to do an impossible thing, the obligation becomes single."    *Worsley.* v. *Wood*, 6 D. & E. 710, 719.    Whether the parties intended the giving of notice to be a condition precedent to recovery when the plaintiff was without knowledge of the injury or of the fact of the accident, or when for other reason compliance with the stipulations of the policy was impossible, or whether as matter of law such impossibility is in such case legal excuse for non-performance, are questions not considered because not presented.    The authorities relied upon by the plaintiff may be decisive in such cases, but they have no application.

*Exception overruled.*

All concurred.