## METROPOLITAN LIFE INSURANCE COMPANY *v.* HENRY.

[No. 27,315.   Filed January 23, 1940.   Rehearing denied
April 1, 1940.]

*Meyer, Fine & Bamberger,* of Evansville, for appellant.

*John H. Jennings,* of Evansville, for appellee.

SHAKE, C. J.—The appellee, as plaintiff, sued appellant on a policy of life insurance which also provided for disability benefits. The issues were made up by a complaint in one paragraph and an answer in general denial. There was a verdict and judgment for appellee and a motion for a new trial, which was denied.

The policy provided that within six months after receipt by the appellant at its home office of proof of the insured's permanent disability, it would pay certain specified sums. No time was fixed within which such proof was to be made. The undisputed evidence shows that appellee became permanently disabled on September 28, 1928, and that proof thereof was not submitted to the insurer until April 15, 1935. It has been decided by this court that where a policy of the character here under consideration fixes no definite time within which notice and proof of disability must be made, such proof must be submitted within a reasonable time. The six and one-half year period that elapsed between the beginning of appellee's disability and the submission of proof constituted an unreasonable delay and would defeat his right to recover unless such delay was satisfactorily explained. *Metropolitan Life Ins. Co.* v. *Johnson* (1938), 214 Ind. 1, 12 N. E. (2d) 755. All of the alleged errors presented on this appeal may be determined by the answer to the single question: did the evidence show a satisfactory explanation or justification for the appellee's delay in submitting proof of his disability?

On November 1, 1920, West Kentucky Coal Company obtained from the appellant a group policy of insurance upon its employees. The policy embraced both life and disability protection. Premiums were deducted from the pay of the employees during the continuance of their employment and remitted by the coal company to the appellant. A master policy was issued by the appellant and delivered to the coal company, which retained it. Clause 6 thereof provided:

"The Company will issue to the Employer for delivery to each Employee insured hereunder an individual Certificate showing the insurance protection to which such Employee is entitled . . ."

Appellant issued certificates pursuant to said clause and delivered them to the coal company, but appellee says that no such certificate was delivered to him and that he never saw the master policy; that he was told at the office of his employer that the policy was one of life insurance; that he had no knowledge or information that it covered disability as well and did not learn of that fact until three days before he submitted his proof of claim; and that such proof was made as promptly as possible after he learned that he had disability coverage.

It seems clear to us from the relations of the parties that in the negotiations that resulted in the issuance of the policy; in receiving and accepting the certificate referred to in clause 6; and in deducting premiums from the appellee's pay and in remitting them to the insurance company the coal company was acting in the capacity of agent for the appellee. From this it would follow that the only fact in evidence remotely bearing upon the reason for appellee's delay in submitting the required proof of claim was the circumstance of his personal ignorance of the provisions of the policy.

If the policy had been in the hands of the appellee at the time his claim for disability accrued, or prior thereto, we would be obliged to hold that he had constructive notice, if he did not have actual knowledge of its contents. *Metropolitan Life Insurance Co.* v. *Alterovitz* (1938), 214 Ind. 186, 14 N. E. (2d) 570, 117 A. L. R. 770. When the well-known rule that knowledge on the part of an agent is notice to his principal is applied to the facts heretofore stated, we are likewise required to hold that since the policy here involved was in the possession of the coal company, it must be deemed to have known of the

provisions thereof, and its knowledge must be imputed to the appellee.

The case of *Johnson* v. *Maryland Casualty Co.* (1905), 73 N. H. 259, 260, 261, 60 Atl. 1009, 111 Am. St. Rep. 609, seems to be decisively in point. There a ██ father negotiated a policy of accident insurance for his son. It was issued and delivered to the father, who accepted it. The policy required the insured to give notice to the company of any accident covered thereby within ten days after the occurrence thereof. No notice was given until 118 days had elapsed and the son sought to explain and justify his noncompliance by showing that his father did not inform him of the existence of the policy and that he had no knowledge thereof until immediately before the notice was given. The court said:

> "If George L. Johnson (the father) had authority as the plaintiff's agent to complete the contract by accepting the policy, his acceptance was the plaintiff's acceptance, and the case stands as if the policy had been delivered to and accepted by the plaintiff. He is chargeable with the knowledge of his agent of the terms of the contract made for him by the agent. . . . From the plaintiff's 'acceptance of the policy and his commencement of a suit upon it, it must be held, in the absence of fraud or imposition, that the plaintiff had notice of, understood, and agreed to, and is bound by the terms, limitations, and conditions contained therein.' "

If the coal company had no authority to accept delivery of the policy for and on behalf of the appellee, there was no delivery thereof to him; if it had no authority to pay the premiums which were deducted from his wages, they were never paid, so far as he is concerned, and he would be entitled to recoup them as wages withheld by his employer. Appellee cannot, on the one

hand, recognize and ratify the acts of his agent, to establish that he is the holder of the policy sued on, and, on the other, deny and renounce the binding effect of the knowledge gained by said agent in performing said acts for him.

We do not find any basis for the appellee's claim that the evidence shows that the appellant denied liability on other grounds than the failure of appellee to furnish proof within a reasonable time and thereby waived the defense here relied upon. This contention is predicated upon a letter written by the supervisor of appellant's permanent disability claims department on May 3, 1935, in which he said:

> "The terms of the policy provide that the company will allow disability benefits only upon receipt of due proof that a total and permanent incapacity for all kinds of remunerative work is suffered, and that such a state of disability begins while the insurance is in force. We regret to inform you that the facts and evidence submitted to us do not appear in our opinion to establish a claim that could be allowed under the terms of the policy."

This letter is entirely consistent with the theory of the appellant's defense. It did not amount to a waiver of any of the requirements of the policy.

Reversed, with directions to sustain the motion for a new trial and for further proceedings.

NOTE.—Reported in 24 N. E. (2d) 918.