MORALES *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

[No. 17,267.   Filed May 1, 1945.]

*Emmet LaRue,* of Rensselaer, and *Stiles & Bayor,* of Gary, for appellant.

*L. L. Bomberger, Carl L. Christopherson,* and *Bomberger, Morthland & Royce,* all of Hammond, for appellee.

FLANAGAN, J.—This action was brought by appellant against appellee on a group insurance policy issued by appellee.

At the close of appellant's evidence the trial court directed a verdict for appellee and the correctness of this action is the sole question here presented.

Appellant is the widow of Juan Morales who died May 3, 1938. For some time prior to his death Juan Morales was employed by Inland Steel Company and was insured under a group insurance policy taken by his employer with appellee. On about February 17, 1938, he was temporarily laid off and was not called back to work prior to his death. From his last pay check insurance was deducted which paid his premiums through February but no premiums were collected or paid for the months of March, April or May. The involved policy contains the following provision:

"The insurance under this policy upon the life of any employee shall automatically cease upon his

discontinuance of participation as evidenced in writing signed by him and filed with the society, or upon termination of his employment with the employer in the classes of employees insured hereunder without regard to the cause of such termination except that the employer may elect that all employees who while insured hereunder are temporarily laid off or given leave of absence or are disabled or retired on pension, shall be considered to be in the employment of the employer during such period . . . ."

The master policy was in the hands of Inland Steel Company. It was the agent of its employees in the negotiations that resulted in the issuance of the policy and in deducting premiums from their pay and remitting them to the insurance company. *Metropolitan Life Ins. Co.* v. *Henry* (1940), 217 Ind. 33, 24 N. E. (2d) 918. Appellant's decedent was therefore charged with knowledge of the provisions of the policy.

The provision above set forth is clear and unambiguous. No employees are covered during temporary lay-offs unless the employer elects that all employees temporarily laid off shall be covered. Certainly this election must be by affirmative action communicated to the insurance company. There is no evidence of any such action and the trial court therefore correctly directed a verdict for appellee.

The case of *John Hancock Mut. Life Ins. Co.* v. *Pappageorgu* (1940), 107 Ind. App. 327, 24 N. E. (2d) 428, cited and relied upon by appellant, involves a very different contract and is not in point here.

It is not necessary for us to determine the effect of the non-payment of premiums during the months of March, April and May, 1938.

Judgment affirmed.

NOTE.—Reported in 60 N. E. (2d) 747.