Susan M. DISTLER, Personal Representative of the Estate of Thomas Mac Young, Deceased, Appellant–Plaintiff,

v.

HORACE MANN LIFE INSURANCE COMPANY, Appellee–Defendant,

v.

Vicki S. YOUNG, Third Party–Defendant.

No. 82A01–9408–CV–264.

Court of Appeals of Indiana, First District.

Dec. 28, 1994.

Transfer Denied May 4, 1995.

Marilyn R. Ratliff, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

R. Thomas Bodkin, Catherine A. Nestrick, Bamberger, Foreman, Oswald & Hahn, Evansville, for appellee.

## OPINION

BAKER, Judge.

This case involves a dispute over the proper beneficiary of the proceeds of a group life insurance policy. Susan M. Distler, as personal representative of Thomas Mac Young's estate (Estate), appeals from the trial court's decision granting summary judgment in favor of Horace Mann Life Insurance Company (Horace Mann), and awarding Young's ex-wife, Vicki S. Young, the proceeds of a group life insurance policy issued upon Thomas Young's life[1]. The Estate maintains that Young had not named a beneficiary under the current policy and thus, the proceeds were properly payable to the Estate.

### FACTS

The parties stipulated to the trial court the facts relevant to these proceedings. Young died on March 18, 1992. At the time of his death, Young was an employee of the Evansville Vanderburgh School Corporation (EVSC). In December 1981, Young completed a Group Insurance Enrollment card for group life insurance benefits to be provided through his employer, EVSC, by American Bankers Life Assurance Co. of Florida (American). Young named his wife, Vicki S. Young, as the beneficiary on his Group Insurance Enrollment card. Young and Vicki were subsequently divorced on January 16, 1986.

Over the next several years, EVSC changed group life carriers several times. First, in 1983, EVSC switched from American to Kansas City Life. Thereafter, on January 5, 1986, EVSC contracted with its present group life carrier, Horace Mann, to replace the coverage previously provided by Kansas City Life. EVSC agreed with both Kansas City Life and Horace Mann that they would use American's Group Insurance Enrollment cards to designate the current beneficiaries of EVSC employees.

In issuing its policy, Horace Mann issued Certificates of Insurance to EVSC employees that identified to whom the insurance benefits were payable. Horace Mann also supplied EVSC with a sample letter to inform EVSC employees that it would be providing their group life insurance, and also to advise EVSC employees to contact a Horace Mann Representative or EVSC if they wanted to change their current beneficiaries. The parties are uncertain whether this letter was actually distributed to EVSC employees and consequently, whether Young was made aware that Horace Mann was using American's Group Insurance Enrollment cards for the purpose of identifying his beneficiary.

The stipulated facts reveal that EVSC maintained all of the documents required for naming, changing, or adding a beneficiary under the Horace Mann policy. EVSC also maintained American's Group Insurance Enrollment cards which designated the current beneficiaries of EVSC employees. Although a summary of the Enrollment cards was sent to Horace Mann on a periodic basis, Horace Mann would not receive notice of the change of a beneficiary until the death of an insured.

Following Young and Vicki's divorce, Young changed the beneficiaries on both his Indiana State Teachers' Retirement Fund, changing his beneficiary from an unknown individual to his daughter Krista, and his Blue Cross and Blue Shield of Indiana Health Insurance Policy, deleting his son as his beneficiary. However, the evidence reveals that Young did not file a change of beneficiary request with either EVSC or Horace Mann under the Horace Mann policy. As a result, upon Young's death, EVSC forwarded American's Group Enrollment card to Horace Mann for the purpose of designating Vicki as Young's beneficiary.

In April 1992, following Young's death, Vicki submitted a "Group Proof of Death and

---

1. Vicki is not a party to these proceedings.

Claim for Benefits Due" to EVSC based on the Horace Mann Group Life Insurance Policy. In May 1992, Horace Mann issued two drafts in the amount of $50,000, each made payable to Vicki as settlement in full of all claims for coverage under that policy. The drafts were sent to EVSC for distribution. On May 13, 1993, the Estate also submitted a claim to Horace Mann for the benefits due under the policy. Horace Mann denied the Estate's claim stating that all the benefits due under the policy had already been paid to Vicki.

On March 4, 1994, the Estate filed a complaint against Horace Mann seeking recovery of $100,000, the amount of the death benefits due under the group life insurance policy. On May 18, 1994, the trial court granted Horace Mann's motion for summary judgment and stated:

1. The beneficiary designation card initially completed by Thomas Mac Young for the American Bankers Life Assurance Company of Florida Group Policy was continuing in nature and was not cancelled when the Evansville Vanderburgh School Corporation changed group life carriers, first to Kansas City Life, and later to Horace Mann Life Insurance Company.
2. The Evansville Vanderburgh School Corporation acted as Thomas Mac Young's agent in procuring a group life insurance policy for him.
3. Due to the existence of an agency relationship, the information known by the Evansville Vanderburgh School Corporation, including knowledge that the beneficiary designation cards initially completed by employees while the American Bankers Life Assurance Company of Florida Policy was in force would be continuing in nature and would be in force for future group policy carriers, was imputed to Thomas Mac Young.

Record at 318.

### DISCUSSION AND DECISION

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We consider the pleadings and evidence desig-nated under Ind. Trial Rule 56(C) without determining their weight or credibility. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593, 596. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; T.R. 56(C).

■ The Estate contends that the Group Insurance Enrollment card designating Vicki as the beneficiary under the group life insurance policy was invalid because it was executed when another policy with a different insurance carrier was in effect. It maintains that because the Horace Mann policy did not incorporate the prior designation form and because it contained language that it represented the entire agreement between the parties, there was no valid designation of beneficiary during the effective dates of the policy and, therefore, the proceeds were payable to it under the default provisions of the policy. Horace Mann counters that the insurance enrollment card filled out in 1981 continued in effect despite the fact that the company that had supplied the life insurance coverage had changed. In the alternative, Horace Mann maintains that, regardless of the continuance of the insurance enrollment card, EVSC and Horace Mann mutually agreed to use American's Group Insurance Enrollment cards to designate the current beneficiaries of EVSC employees and, because EVSC was acting as Young's agent, that knowledge could be imputed to Young. Because we find the question of agency to be dispositive, we do not address the issue of whether the insurance enrollment card continued to be effective.

■ Under Indiana law, when an employer negotiates a group insurance contract with an insurance company, the employer acts as the agent of its employees. *Steward v. City of Mt. Vernon* (1986), Ind.App., 497 N.E.2d 939, 943. In the case of group insurance policies, where a master plan is delivered to the employer, the employer is deemed to know the provisions of the policy, and that knowledge is imputed to the employees since the employer is their agent. *Id.*

In the present case, EVSC procured a group life insurance plan for its employees through Horace Mann. The stipulated facts reveal that the Evansville Teachers' Association (ETA) and representatives from the Evansville Vanderburgh School Board negotiated the amount of life insurance coverage that would be available to teachers. Once a dollar figure was determined, the School Board hired an insurance consultant to locate an insurance company to provide the insurance coverage requested by the ETA and the School Board. The consultant made recommendations to the School Board, and the School Board then voted on the recommendations. Thus, EVSC was acting as the agent of its employees when it procured the group life insurance policy from Horace Mann. Therefore, when EVSC agreed with Horace Mann to use American's Group Enrollment cards to designate the beneficiaries of EVSC employees, the knowledge of that use was imputed to the employees.

■ The Estate contends that despite this agency relationship, the knowledge that Horace Mann intended to use American's Group Enrollment cards could not be imputed to Young to circumvent the requirements of IND.CODE § 27–1–12–41. Specifically, the Estate contends that I.C. § 27–1–12–41 requires "issuers of group life insurance policies, such as Horace Mann, to provide to each individual insured/employee, a certificate telling the employee who the beneficiary is." Appellant's Brief at 21.

■ We will not interpret a statute which is clear and unambiguous on its face. *See Indiana St. Bd. of Health v. Journal–Gazette Co.* (1993), Ind.App., 608 N.E.2d 989, 992. We must examine and treat it as a whole, giving the statute its apparent and obvious meaning. *Id.* In construing a statute, we presume the legislature intended the language of the statute to be applied in a logical manner consistent with its underlying goals and policy. *In re Groleau* (1992), Ind.App., 585 N.E.2d 726, 728.

I.C. § 27–1–12–41 in relevant part provides:

(a) A policy of group insurance may not be delivered in Indiana unless it contains in substance:

.    .    .    .    .

(b)(7) A provision that the insurer will issue *to the policyholder*, for delivery to each person insured, a certificate setting forth a statement that:

(A) explains the insurance protection to which the person insured is entitled;

(B) indicates to whom the insurance benefits are payable;

(C) sets forth the rights and conditions that apply to the person ... (emphasis added).

Contrary to the Estate's contentions, the plain language of the statute requires an insurer to provide the policyholder, not each individual insured, with certificates telling the employee who the beneficiary is. It is then the responsibility of the policyholder, not the insurer, to deliver the certificates to each individual insured. EVSC complied with this statute.

Next, the Estate contends that although Horace Mann issued Certificates of Insurance to EVSC employees, the Certificates were inadequate to notify Young that Horace Mann intended to use American's Group Insurance Enrollment cards to designate his current beneficiary. The Certificates of Insurance that Horace Mann issued to EVSC employees, including Young, identified to whom the insurance benefits were payable as follows:

Beneficiary is the person(s) you name to receive the Death Benefit. You must name the Beneficiary on a beneficiary form or on a change of beneficiary form.

\*    \*    \*    \*    \*    \*

If the Beneficiary dies before or within fifteen days of the date you die, the Death Benefit will be payable to your estate; or, at our option, we can make payment to the first surviving class of successive preference beneficiaries: Your (a) widow or widower; (b) surviving children; (c) surviving parents; (d) surviving brothers and sisters; (e) executors and administrators.

This same rule will apply if you do not name a beneficiary.

R. at 136–37. Although the Certificate does not state that EVSC and Horace Mann mutually agreed to use American's Group Insurance Enrollment cards to designate the current beneficiaries of EVSC employees, that knowledge is imputed to Young because EVSC was acting as his agent when it agreed to use American's Enrollment cards. *See Steward,* 497 N.E.2d at 943. Therefore, we must affirm the trial court's order determining that Vicki, as the designated beneficiary on Young's Group Insurance Enrollment card, was properly awarded the proceeds of the group life insurance policy issued upon Young's life.

Judgment affirmed.

NAJAM and FRIEDLANDER, JJ., concur.