**In re the Matter of the GUARDIANSHIP OF Steven KOORS, Stacey Koors, and Shane Koors, Minors.**

**Ronald T. URDAL, as Guardian Ad Litem for Stacey Koors, Appellant (Guardian Ad Litem Below),**

v.

**Ben and Bertha STEELE, Guardians of the Persons of Steven Koors, Stacey Koors, and Shane Koors, and National City Bank, Guardian of the Estates of Steven Koors Stacey Koors, and Shane Koors, Appellees, (Guardians Below).**

No. 21A01–9503–CV–87.

Court of Appeals of Indiana.

Oct. 20, 1995.

Carol Sparks Drake Parr Richey Obremskey & Morton, Lebanon, for appellant.

Stephen E. Schrumpf, McNeely, Sanders, Stephenson & Thopy, Shelbyville, for appellees.

## OPINION

ROBERTSON, Judge.

Stacey Koors, a minor, by her guardian ad litem, Ronald T. Urdal, appeals the trial court's judgment distributing $50,000.00 in life insurance proceeds paid upon the death of Stacey's father, Jeff Koors [Father] to the guardian of Stacey and her two brothers for the benefit of all three children. The sole issue on appeal is:

whether the trial court erred in ordering the life insurance proceeds to be paid to the guardian of the three Koors children, notwithstanding the fact that the decedent policy holder, Father, had named Stacey as the sole beneficiary under the policy.

We reverse.

## FACTS

The facts are undisputed: the case was submitted to the court on an agreed state-

ment of facts. Jeff and Lois Koors were simultaneously killed in an automobile accident in 1989. At the time of their deaths, they had three minor children, Steven (age 12), Stacey (age 6), and Shane (age 2).

Jeff and Lois were married in January of 1983. Steven was Lois' child from an earlier relationship and had been born in 1977. Stacey was born to Father and Lois in 1983.

In December of 1984, Father began working for the Ford Motor Company. Through his employment, Father was eligible for group health and life insurance. Father obtained health insurance for all his dependents, Lois, Steven, and Stacey. However, when completing the beneficiary designation for the life and accidental death insurance, he designated Stacey as the sole beneficiary. (Father did not specify his wife, Lois, or his stepson, Steven as beneficiaries.) Under the terms of the life and accidental death policy, Father had the right to name the beneficiary of his choice and retained the right to change his beneficiary at any time.

Father adopted Steven in March of 1987. Shane was born to the marriage in June of 1987.

Father never changed the beneficiary of the life insurance policy, nor did he ever manifest an intention to do so. At the time of Father's death in 1989, Stacey remained the sole beneficiary under the policy.

Before his death in 1989, Father purchased life insurance from J.C. Penney. Under this policy, Father made no beneficiary designation. Accordingly, the policy provisions controlled the distribution of the benefits upon Father's death. The proceeds were paid to the guardian of the Koors children for the benefit of all three children. Although not stated in the briefs, it appears from a reading of the J.C. Penney policy that it paid $100,000.00 upon Father's death.

The trial court relied on equitable principles in determining that the $50,000.00 insurance proceeds from Father's policy, that had named Stacey as the sole beneficiary, should be paid to the guardian for the benefit of all three Koors children. The trial court found:

"[t]he question is, what would Stacey do if she were 18 when her parents were killed? Would she have shared with her brothers, as a member of a loving and close family, or would she have kept it for herself?"

## DECISION

The named beneficiary of a life insurance policy is entitled to the proceeds upon the death of the insured. *Distler v. Horace Mann Life Insurance Company* (1994), Ind.App., 644 N.E.2d 918, 922, *trans. denied; Hancock v. Kentucky Central Life Insurance Company* (1988), Ind.App., 527 N.E.2d 720, 725, *trans. denied; Cook v. Equitable Life Assurance* (1981), Ind.App., 428 N.E.2d 110, 116, *trans. denied.* In all three of the above cases, we upheld the payment of life insurance proceeds to the decedents' ex-wives who had been named as the beneficiaries of the policies in question.

*Cook*, in particular, guides our decision. In *Cook*, we upheld the payment of life insurance proceeds to the ex-wife despite the facts that 1) the husband had remarried, 2) a child was born of the new marriage, and 3) the husband/father had executed a holographic will stating his wish that the insurance proceeds be paid to his new wife and child. *Id.* In so holding, we stated:

We may be sympathetic to the cause of the decedent's widow and son, and it might seem that a departure from the general rule in an attempt to do equity under these facts would be noble. Nevertheless, such a course is fraught with the dangers of eroding a solidly paved pathway of the law and leaving in its stead only a gaping hole of uncertainty. Public policy requires that the insurer, insured, and beneficiary alike should be able to rely on the certainty that policy provisions pertaining to the naming and changing of beneficiaries will control except in extreme situations.

*Id.*

The principle of stare decisis requires that we reverse the trial court in the present case. The equities in *Cook* favoring a departure from the express terms of the insurance contract are much more compelling than those in the present case.

When Father named Stacey as the sole beneficiary under the policy, he did not name either his wife or his stepson. Although Father could have changed beneficiaries at any time before his death, he did not. Stacey was the sole beneficiary under the policy and therefore, we must reverse.

Judgment reversed.

NAJAM and GARRARD, JJ., concur.